No. 2923

Second Circuit

---

STEVENS v. DEAN

---

(June 28, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Automobiles—Par. 4.

Where two automobiles are driving along a highway in the same direction the forward car has the superior right.

2. Louisiana Digest—Automobiles—Par. 4, 4a, 4d.

One who does not violate any law in driving his automobile by reducing the speed and holding out his hand before turning to the left is not negligent.

(Civil Code, article 2315.—Editor's note.)

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Grant. Hon. R. C. Culpepper, Judge.

Action by Miss Flora Stevens against T. Lee Dean.

There was judgment rejecting 'demands of both plaintiff and defendant and plaintiff appealed.

Judgment affirmed.

Rusca & Cunningham, of —————, attorneys for plaintiff, appellant.

W. R. Jones; C. H. McCain, of Colfax, attorneys for defendant, appellee.

WEBB, J. This action arises from a collision between automobiles which occurred in the day time on the Jefferson Highway where the roadway was straight, and each of the parties contends that the collision was due to the negligence of the driver of the other automobile, and sets up a claim for the resulting damages.

On trial, the demands of both parties were rejected, and plaintiff alone appeals, and defendant has not answered the appeal, and hence the only question presented is as to the right of plaintiff to recover.

The evidence shows that the respective automobiles were being driven on the right hand side of the road in the same direction and that the collision occurred while the plaintiff, who was driving at a speed of twenty-five or thirty miles an hour, was attempting to pass defendant's car which was being driven at a speed of twelve or fifteen miles per hour.

The plaintiff, when at a distance of about one hundred fifty feet from defendant's car, gave a signal by sounding the horn, and when at a distance of about forty feet she turned her car to pass to the left of defendant's car and at about the same time the driver of defendant's car, after giving a signal of her intention to pass to the left of the road so as to drive straight into a driveway of a filling station which was situated on the right side of the roadway, placed defendant's car in such position

that there was not sufficient space to the left of defendant's car for plaintiff to pass, and the front of plaintiff's car struck the rear of defendant's car.

The position taken by plaintiff is that the driver of defendant's car was negligent in passing from the right side of the roadway without being sure that there was not any vehicle to the rear and about to pass.

While the drivers of automobiles are bound to maintain a look-out and observe the way to the front, they cannot be held to such observance to their rear; and where cars are being driven along the highway and in the same direction, the forward car has the superior right and cannot be said to be negligent so long as he uses the road in a lawful manner, and the evidence does not indicate that the place of the accident or the traffic was of such nature that the driver of the defendant's car was bound to anticipate the presence of plaintiff's car and it not appearing that she heard plaintiff's signal, we cannot say that she was negligent in attempting to pass from the right to the left of the roadway when she had given the proper signals.    See Blashfield, Automobiles, vol. 1, No. 1-4; Lumber Co. vs. Ollinger, 94 South. 177, Ala. 518).

The judgment appealed from is therefore affirmed.