No. 3077

Second Circuit

LEWIS v. GULF REFINING CO. OF LA.

(Feb. 3, 1928. Opinion and Decree.)

*(Syllabus by the Editor)*

1. **Louisiana Digest — Automobiles — Par. 4 a, 4 b.**

One who intends to make a left turn on a city street which is used by many vehicles, must first ascertain whether he can do so safely before attempting to turn. His failure to do so shows gross negligence.

2. **Louisiana Digest — Automobiles — Par. 4 b, 4 d.**

The failure of the driver of an automobile to comply with a city ordinance requiring him to first ascertain whether he can make the turn in safety and making it necessary for him to signal by hand before making it, is clearly guilty of gross negligence if he fails to observe the ordinance.

Appeal from the Ninth Judicial District Court of Louisiana, Parish of Rapides. Hon. Leven L. Hooe, Judge.

Action by W. Richmond Lewis (Herschel McGinty, substituted) against Gulf Refining Company of Louisiana.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

K. Hundley, Alexandria, attorney for plaintiff, appellee.

White, Holloman & White, Alexandria, attorneys for defendant, appellant.

ODOM, J. Plaintiff brings this suit to recover $110.50 damages to his automobile resulting from a collision between it and a truck belonging to the defendant company.

There was judgment for plaintiff for the amount claimed and defendant appealed.

The collision took place on Lee street in Alexandria at the point where Schnack street comes into Lee street over on the left hand side.

The testimony shows that Henry Ryder was driving the defendant's truck down Lee street on the right hand side and that when he reached the point where Schnack street comes in to Lee street he made a left turn across Lee to go into Schnack to deliver some oil to a groceryman; and that when the truck had reached a point near the left hand side of Lee street, plaintiff's car ran into the truck on the left hand side while trying to pass it, causing damage to plaintiff's car in the sum of $110.50.

The testimony further shows that plaintiff's car was being operated by a young man named Julius Clay and that he, with five others in the car, were on their way down Lee street to the Bolton High School building. They caught up with the truck about half a block from where Schnack enters Lee street and followed it, on the same side of the street, until they reached Schnack when the driver attempted to pass the truck on the left.

The driver of the car and the two passengers on the front seat with him say that when they were about twenty-five

feet from the truck the driver sounded his horn and sounded it again when the car was along by the side of the truck but that the driver of the truck, without any warning or sign indicating that he intended to turn, suddenly turned the truck to the left across the street in front of the car, when it was too late to avoid the collision.

Mr. Ryder, the driver of the truck, says he did not hear the horn, and says, further, that before turning he extended his left hand, indicating his intention to turn.

Mr. Hussey, who was riding in the truck with Ryder, says he did not hear the horn, but was paying no particular attention.

Those in plaintiff's car, that is, the driver and the other two on the seat with him, say Ryder did not extend his hand and that he gave no warning of his intention to turn.

Mr. Hussey says he did not see Ryder extend his hand, but says he may have done so; he was paying no attention.

A man named Chicola was standing over on the left side of the street and saw the collision but did not see the movements of either the car or the truck previous to the moment of the collision.

Plaintiff contends that defendant's driver was grossly negligent in the operation of the truck in that he made a sudden turn to the left across the street without giving any sign or warning of his intention to turn.

Defendant contends that the driver of plaintiff's car was negligent in that he attempted to pass the truck without sign or warning.

Three of plaintiff's witnesses say positively that the truck driver gave no sign before turning to the left and say further that the driver of the car, before attempting to pass, sounded his horn twice, once when twenty-five feet behind and once when up at the side of the truck, each of which signals should have been heard by the driver of the truck; so that according to the preponderance of the evidence, the truck driver gave no sign before turning and was, therefore, guilty of the grossest kind of negligence; and, furthermore, according to a preponderance of the evidence, the driver of the car took the usual and necessary precautions of sounding his horn before attempting to pass the truck.

We cannot, therefore, say that the driver of plaintiff's car was guilty of any negligence at all. However, if it be conceded that he was guilty of some contributory negligence, the fact remains that the driver of the truck was guilty of the grossest kind of negligence, which was the main contributing cause of the collision.

He made a sudden turn to the left across one of the main streets of the city of Alexandria, where drivers of motor vehicles must always anticipate the presence of other vehicles which may desire to pass from the rear.

Under all the rules and practices, aside from any statutory regulations, the driver of a motor vehicle on a much travelled street, as this was, who desires to make a left turn across the street, must be particularly careful and on the alert for cars meeting or overtaking his, and must not make such turn until he is sure the way is open.

It is a particularly dangerous and hazardous move to make, and he must use the greatest precaution.

Under the city ordinance regulating vehicular traffic on the streets of Alexandria, the rule is laid down as follows:

"Drivers of vehicles before stopping, turning, slowing down, or changing their course, shall *ascertain that such movement can be made in safety* and shall make known their intention by signaling by hand."

The driver of defendant's truck says he signalled with his hand. Conceding that he did, he by no means met the requirements of the ordinance. It requires that he signal and that he "shall ascertain that such movement can be made in safety".

Which we interpret to mean that before turning he shall look to the front and to the rear and ascertain that the way is clear.

If he had looked to the rear at the proper time he would have seen plaintiff's car attempting to pass and the collision could have been avoided. It was his duty to look under any and all circumstances; but in this case he was especially negligent because he knew plaintiff's car was trailing him. He says he looked back and saw the car approaching when it was some distance away but did not then know that the driver intended to pass. He was driving a heavy two-ton truck at a speed of about ten to twelve miles an hour. He should have anticipated that the driver of the approaching car would want to pass, especially in view of the fact that he could do so without exceeding the speed limit.

The driver of the truck was grossly negligent and his negligence was the prime cause of the collision.

We have not overlooked the authorities cited by defendant's able brief, but they are not in point.

In the case of Stevens vs. Dean, 6 La. App. 537, recently decided by us, we said:

"While the drivers of automobiles are bound to maintain a lookout and observe the way to the front, they cannot be held to such observance to their rear; and where cars are being driven along the highway and in the same direction, the forward car has the superior right and cannot be said to be negligent so long as he uses the road in a lawful manner, and the evidence does not indicate that the place of the accident or the traffic was of such nature that driver of defendant's car was bound to anticipate the presence of plaintiff's car. * * *"

A reading of that case discloses that the accident happened on the Jefferson Highway and not on a street of a city; and while our decision in the Dean case seems to be supported by authority (Blashfield on Automobiles, and Lumber Company vs. Ollenge, 94 South. 177), yet it cannot be said that the rule announced applies in a case like the one at bar where the accident took place on a prominent and much traveled street of a city where the drivers of cars must always anticipate the presence of other cars.

In the case of Government Street Lumber Co. vs. Ollinger, 94 South. 177, which we followed in the Stevens vs. Dean case, 6 La. App. 537, supra, the rule was stated:

"The driver of the front car owes no duty to the rear or trailing car except to use the road in the usual way, in keeping with the laws of the road, and until he has been made aware of it, by signal or otherwise, he has a right to assume, either that there are no other automobiles in close proximity to his rear, or that being there it is under such control as not to interfere with his free use of the road in front of and to the side of him in any lawful manner. In the absence of facts or circumstances that would put him on notice of the near approach of another automobile from his rear, the driver may drive slow or fast, select the parts of the road best suited to travel, stop or start at will or turn into side roads, without the giving of signals of such intention. *Of course the*

*rule would be different on the streets of a city where the passage of automobiles along the streets is constant and frequent, requiring of all drivers of motor vehicles a high degree of care and watchfulness, this of itself being sufficient notice of the near approach of other cars,* and under the same circumstances known to the driver, the same rule applied to city streets would apply to country highways."

The distinguishing features between the case of Stevens versus Dean, decided by us, and the Ollinger case, supra, and the case at bar are that in the reported cases the accidents happened on country highways where there was nothing to cause the driver of the forward car to anticipate the, presence in the road of others cars; whereas in the case at bar the accident occurred on a street of a city where the presence of other cars is always to be expected and must be anticipated. And, furthermore, the driver of the truck, in the instant case, looked back and saw plaintiff's car approaching. And, above all, the traffic ordinances of the city of Alexandria prohibit the driver of a motor vehicle from making a turn on one of its streets without ascertaining that such turn can be made in safety.

The driver of the truck, therefore, violated both the law of the street and also the city ordinance.

The judgment appealed from is correct and is therefore affirmed with costs.