No. ——

First Circuit

---

MARSH v. SINGLETARY

---

(Feb. 15, 1928. Opinion and Decree.)

---

(*Syllabus by the Editor*)

1. Louisiana Digest — Automobiles — Par. 4 (a), 4 (b).

The timely holding out of the left arm when about to make a left turn on a highway is, by custom, the law of the road. Therefore, where the driver of an automobile turns without giving the customary warning, he is negligent and responsible for the damages sustained in the resulting collision with another car trying to pass him.

2. Louisiana Digest—Automobiles—Par. 9.

$90.47 is considered sufficient quantum of damages to automobile as a result of collision. No damages are allowed for loss of use of car because evidence on that point uncertain.

Appeal from the District Court, Parish of St. Tammany. Hon. P. B. Carter, Judge.

Action by Howard W. Marsh against Gus Singletary.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Morgan & Simmons, Covington, attorneys for plaintiff, appellant.

Miller & Heintz; Covington, attorneys for defendant, appellee.

ELLIOTT, J. Howard H. Marsh claims of Gus Singletary $110.47 as damages to his automobile, sustained as a result of a collision with the defendant on the highway between Talisheek and Pearl River.

The plaintiff alleges that the collision was due solely to the fault and negligence of the defendant in operating his car. He claims that his automobile was damaged to the extent of $90.40 and claims $30.00 on account of the loss of its use for five days.

He alleges that the defendant and himself both were driving west on the highway; that defendant was ahead and going about 10 miles an hour, and that plaintiff came up behind him driving about 20 miles an hour. That wishing to pass, he sounded his horn repeatedly, signifying his desire, in accordance with the rules of the road. That defendant swerved to the right and plaintiff thinking that he meant for him to pass, speeded up and endeavored to do so; but as he drew up close to defendant's car and was about to pass on the left hand side of him in the highway, the defendant unexpectedly and without giving notice or warning of what he was about to do, suddenly swerved his car around to the left across the road immediately in front of plaintiff, and so close, that plaintiff in order to avoid striking defendant's car in the center, turned out further to the left hand side. That by so doing he managed to strike defendant on the front end of his car, but at the same time struck a stump on the side of the road, injuring his car to the extent stated.

The defendant denies that he heard plaintiff's horn and denies the negligence alleged against him. He alleges that he reached a turn in the road and turned over to the right side in order that he could make the turn to the right as the law provides. The evidence indicates that he meant by this averment to say that he reached a point in the road, at which he wished to turn out of it into an intersecting road leading south. He alleges that the collision was due solely to the fault and negligence of the plaintiff. That his car was damaged to the extent of $13.70, which he claims in reconvention against the plaintiff.

Plaintiff's demand against the defendant and that of the defendant in reconvention against the plaintiff were rejected in the lower court, and the plaintiff appealed.

There is a conflict in the evidence as to whether or not plaintiff sounded his horn as. alleged, but not as to what we regard the decisive fact in the case.

The defendant was driving a sedan with the doors closed, at the rate of 8 or 10 miles an hour, going west. The plaintiff came up behind him at the rate of about 20 miles an hour and wished to pass. The plaintiff testifies that as he came up within about 50 feet of the defendant he repeatedly sounded his horn, giving notice of his approach and desire to pass. That defendant apparently in response to his signal, swerved over to the right, and plaintiff thinking it was done in response to his horn, speeded up for the purpose of passing him; that when he got up close, the defendant unexpectedly and without giving notice as to what he was about to do, suddenly swerved across the road to the left immediately in front of him and so close that it was impossible to avoid striking him. That he tried to check his car but could not, and to avoid striking defendant's car in the middle, he quickly swerved his car to the left and by so do-

ing he was forced across the ditch on the left hand side of the road, striking the front end of defendant's car, but striking at the same time a stump on the side of the road, damaging his car to the extent claimed.

If plaintiff had struck defendant's car in the middle it would have been turned over and defendant, his wife and baby, might have been killed.

Mr. Dunn, on the back seat of plaintiff's car, corroborates him as to the speed of the two cars, and as to plaintiff sounding his horn, and as to what defendant did. Defendant contends that the following testimony of this witness in which he says that he was talking to Toledano, "and when we were just about even with him (defendant), I heard him (plaintiff) blowing the horn and defendant cut his fore wheels to the left and crowded us in the ditch," is in conflict with that of the plaintiff. But the conflict is more apparent than real. He testifies further as follows:

"Q. How far was he approximately from Singletary when Marsh began to blow his horn?

"A. I have no idea. I was talking to Mr. Toledano and did not pay any attention."

Mr. Dunn does not distinctly state that the plaintiff did not blow his horn until he had gotten up even with the defendant; he, in effect, says that he did not notice the blowing until then. He testifies, as does the plaintiff, that defendant gave no signal or indication of what he was about to do when he swerved his car across the road in plaintiff's immediate front, and that the collision was unavoidable on the part of the plaintiff.

Mr. Toledano also, on the back seat of plaintiff's car, corroborates plaintiff as to the speed of the two cars and as to defendant's action in swerving his car to the left across the road immediately in front of plaintiff without giving any notice or signal as to what he was about to do, and that the collision on plaintiff's part was unavoidable.

Defendant says that he was on the right hand side of the road, driving about 8 miles an hour. That coming to an intersecting road leading south, into which he wished to turn out of the highway, he swerved his car to the right in order to make his turn, and that just as he started to make the turn, the plaintiff hit him. That he did not see plaintiff's car until it hit him, did not hear plaintiff's horn, and did not look to the rear before turning to see if a car was close behind him.

Mrs. Singletary, defendant's wife, with him in the car, says that Mr. Singletary was already on the right hand side of the road and pulled over further in order to make his turn. That the doors of their sedan were closed and that she did not hear any horn.

Mr. Crow standing on the side of the road about a block distant, saw the collision. He did not hear any horn, but would have heard it, he says, if any had been sounded.

Assuming that defendant did not hear plaintiff's horn, the fact remains undisputed and established, that defendant driving with the doors of his sedan closed, swerved to the right of the road, and then suddenly, and without giving any signal or indication of what he was about to do, turned his car to the left across it for the purpose of turning out of the highway into an intersecting road, and was struck while in his turn, by plaintiff's car which had come up behind him, and was trying to pass.

The defendant before swerving across the road, should have looked behind to see if anybody was near, or else should have timely held out his left arm as a signal

to anybody close behind him, indicating what he was about to do. The closed doors of his sedan prevented him from hearing, consequently, it was all the more necessary that he either look back before turning, or first hold out his left arm, so that it could be seen by cars coming up behind him, as a signal that he was about to turn across the road.

Timely holding out the left arm when about to turn in a highway, has, since the advent of automobiles, become a law of the road by custom. Plaintiff had a right to this warning by the custom of the road. Defendant was therefore responsible for the collision and liable for the damages sustained.

The plaintiff's car was damaged to the extent of $90.70.

Plaintiff testifies that he lost the use of his car for five days, and claims damages on that account. His damage on account of lost use, is, however somewhat uncertain, and we do not feel able to say that any definite amount has been established on that account.

The judgment appealed from is erroneous. It must, therefore, be reversed and judgment rendered in favor of the plaintiff for the amount of damage sustained.

It is, therefore, ordered, adjudged and decreed that the judgment appealed from herein be annulled, avoided and set aside, and it is now ordered, adjudged and decreed that there be judgment in favor of Howard H. Marsh and against Gus Singletary for ninety dollars and forty-seven cents ($90.47), with legal interest thereon from November 30th, 1926, until paid.

Defendant's demand in reconvention is rejected. The defendant and appellee to pay the cost in both courts.