## No. 3355

## Second Circuit

## UNION INDEMNITY CO. v. McBRIDE

(March 12, 1929. Opinion and Decree.)

Phanor Breazeale, of Natchitoches, attorney for plaintiff, appellant.

Rusca and Cunningham, of Natchitoches, attorneys for defendant, appellee.

WEBB, J. Plaintiff, Union Indemnity Company, having insured an automobile belonging to J. H. Walker, which was damaged in a collision with an automobile owned by defendant W. J. McBride, which was at the time of the collision being driven by the latter's minor son, instituted the present action to recover the amount paid by it for having Walker's car repaired, and also for the expenses incurred in investigating the accident, and it appeals from a judgment rejecting its demands.

Plaintiff alleged, in substance, that J. H. Walker was driving north on Front Street in the City of Natchitoches at a slow rate of speed and on the right side of the roadway, and desiring to turn to the left into a side street he gave the proper signal by extending his hand, and that as he was turning to enter the side street the automobile being driven by defendant's son was driven into collision with Walker's automobile.

In answer, defendant, after excepting that the petition failed to state a cause of action, admitted that the accident had occurred at the place alleged but denied that Walker had given any signal of his intention to turn to his left into the side street, and alleged that the driver of his car had given a signal of his desire to pass the Walker car and that as he turned to pass Walker had, without any warning

or signal, turned his car directly in the path of defendant's car.

The evidence, as usual, is conflicting, Walker stating that he had given a signal of his intention of turning into the side street and that he did not hear any signal given by the driver of defendant's car, while the driver of defendant's car stated that he had given a signal as alleged, and that Walker had turned to the right, causing him to believe that his signal had been heard, and that as he was attempting to pass, Walker had suddenly and without giving any signal, turned to the left in the path of defendant's car.

The plaintiff carried the burden of proof, and conceding that Walker gave a signal of his intention to turn to the left across the roadway, his statement that the signal was given as he was turning, and the evidence not indicating that the driver of defendant's car could have avoided the accident or that he was driving at an illegal rate of speed shows, we think, that the signal was not timely given.

Walker was driving on a street where he was bound to anticipate the presence of other vehicles, and although there was not offered in evidence any ordinance requiring Walker to give any signal before changing the course of his car or turning to the left across the roadway he was bound to take notice of the law requiring that passing vehicles should pass to his left and ordinary care required that he should give timely warning before attempting to turn so that he would not place his car in danger of colliding with passing cars being operated with ordinary care, and the evidence establishing that Walker did not exercise such ordinary care, plaintiff cannot recover.

The judgment appealed from is affirmed.