No. 671

First Circuit

BLOOMQUIST v. SCHENCK

(June 30, 1930. Opinion and Decree.)

Jos. M. Blache, Jr., of Hammond, attorney for plaintiff, appellee.

M. C. Rownd, of Springfield, attorney for defendant, appellant.

MOUTON, J. The defendant, Schenck, was driving an auto westward, towards Baton Rouge. Wayland Barley was driving plaintiff's car in the same direction in the rear of defendant, at a distance of about fifty feet. It is not alleged by defendant that the plaintiff's car was being driven at an excessive rate of speed at the time, or negligently. The fact is that it was not, as it appears that Barley was driving at about thirty-five miles an hour, and was making no effort to pass ahead of defendant's car. It is shown that defendant abruptly and suddenly turned to his left to enter a small roadway in the woods, and failed to give the usual or customary warning, which is the law of the road, by extending or holding out his left hand to indicate the turn he was about to make. Succession of John Brown, 2 La. App. 704; Marsh vs. Singletary, 7 La. App. 436.

It is shown that, when defendant made this turn to the left, Barley, who was driving about fifty feet in the rear, immediately applied his brakes, and did all in his power to keep from running into the other car, but without avail. His only possible alternative would have been to run

his car into the ditch on the right side of the road to the inevitable injury or death of plaintiff, his wife, or two babies, who, with Barley, were in plaintiff's car. The collision was simply unavoidable, and was the result of defendant's negligence, for which damages were properly allowed for injury to plaintiff and damage to his car.