STEADMAN v. WALLACE

(October 20, 1930. Opinion and Decree.)

Thomas J. Dobbins and John C. Hollingsworth, of New Orleans, attorneys for plaintiff, appellant.

Monroe & Lemann, Walter J. Suthon, of New Orleans, attorneys for defendant, appellee.

HIGGINS, J. This is a suit by a guest for damages for personal injuries alleged to have been sustained as a result of an intersectional automobile collision at the corner of Louisiana and St. Charles ave-

nues in the city of New Orleans on January 8, 1926, at about 7:30 o'clock p. m. The petition charges that the defendant was guilty of negligence and carelessness in operating his automobile at an excessive rate of speed at about fifty or sixty miles an hour.

In his answer the defendant denied that he was at fault, and averred that the accident was caused solely through the negligence of the plaintiff's husband who was driving the automobile in which she was riding at the time of the accident.

The case was tried without the intervention of a jury, and the judge of the lower court dismissed the plaintiff's suit on the ground that the accident was caused entirely by the fault of the driver of the car in which the plaintiff was riding as a guest, and that the defendant was not guilty of any negligence which caused or contributed to the accident. Plaintiff has appealed.

The locus in quo may be described as follows:

St. Charles avenue runs from uptown to downtown and has a neutral ground in the center of it with double street car tracks located thereon. Traffic going uptown uses the lakeside thoroughfare, while traffic going down town uses the riverside thoroughfare. Louisiana avenue runs from the river to the lake, and also has a neutral ground with double street car tracks upon it, and has paved roadways on each side of the neutral ground, the one on the downtown side being used by traffic moving in the direction of the lake and the one on the uptown side being used by traffic moving in the direction of the river. These streets meet at right angles, and traffic is very heavy at this intersection.

The record shows that plaintiff's husband was driving a Dodge coupe car uptown on St. Charles avenue at a moderate rate of speed. When he reached the intersection of St. Charles and Louisiana avenues he attempted to turn to the left in order to go out Louisiana avenue in the direction of the river. As he slowed down and partially turned his automobile, the defendant, who was driving a Cadillac sedan in the same direction, struck the rear of the Dodge car and caused it to overturn on its right side in the extreme upper side of the intersection of the two streets. The Cadillac came to a stop about ten or fifteen feet from where it struck the Dodge car.

The result of the impact and turning over of the Dodge car caused the plaintiff to fall under the dash board, and her husband was precipitated on top of her, causing the injuries complained of.

It is conceded by the defendant that, as the plaintiff was a guest in the Dodge car driven by her husband, she cannot be charged with negligence of her husband. Therefore, the sole question before the court is whether or not the defendant was guilty of negligence which contributed to and caused the accident.

It is contended by the plaintiff that the defendant was operating his car at an excessive rate of speed of about fifty miles an hour, and that, although he saw the Dodge car turning to the left, he was unable to stop his car in time to avoid the accident.

The defendant contends that the accident was caused solely and only by the failure of the plaintiff's husband, who was driving the Dodge car to give the signal required by the traffic ordinance of the city of New Orleans indicating that he would turn to the left by extending his left arm out of

the window of the car in a horizontal position.

It is admitted by plaintiff that the driver of the Dodge car did not give this signal, but that he merely held up his right hand inside the car. The evidence shows that, as it was dark at the time of the accident, such a signal could not be seen, and that defendant did not see such a signal.

It appears that the defendant was proceeding up St. Charles avenue at an excessive rate of speed just prior to the time of the accident. He admits that he was running about thirty-five miles per hour, but testified that, when he was nearing the intersection of Louisiana and St. Charles avenues, he slowed down and was going about fifteen miles an hour as he entered the intersection, about 15 or 20 feet to the rear of the Dodge car. His testimony is corroborated by the physical fact that the only damage done was to knock the bumper off of the Cadillac and to crumple the left rear fender and the gas tank and extra tire carrier on the back of the Dodge car. The further physical fact that the Cadillac stopped within 10 or 15 feet after it struck the Dodge car also indicates that the Cadillac car was traveling at a moderate rate of speed at the time of the collision.

The general traffic ordinance No. 7490 C. C. S. article 1, section 11, paragraph "a," reads as follows:

"An operator intending to turn his vehicle to the left shall extend his arm in a horizontal position and slow down."

Paragraph "b" reads as follows:

"In slowing up, stopping or turning, a visible signal shall always be given to vehicles in the rear."

Paragraph "d" reads as follows:

"The signal herein provided shall be given at least fifty feet before slowing up to stop or turn."

In the case of Smith v. Palfrey et al., 7 La. App. 526, this court quoted with approval the following statement made by the district judge in his reasons for judgment:

"On his own statement, Palfrey did not signal his intention to turn in time to warn the plaintiff's driver of it, and he did not obey the ordinance. It is clear that if he had handled his car as the ordinance requires the accident would not have happened."

In the case of Hudson v. Jackson Brewing Co., 4 La. App. 549, this court held in the syllabus:

"A speed of 20 miles per hour on a street where the maximum permitted by the city ordinance is fifteen though excessive is not negligence per se, and when it appears that the excessive speed was not the cause of the accident no liability in damages arises therefrom.

"When the driver of a motor truck violates a city ordinance, prescribing the proper method of making a left turn, and such violation is the cause of an accident, the owner of the truck will be held responsible."

See, also, Marsh v. Singletary, 7 La. App. 436; Hall v. Excelsior Steam & Laundry Co., Ltd., 5 La. App. 6; Bonnette v. Flournoy, 9 La. App. 467, 119 So. 736; Union Indemnity Co. v. McBride, 10 La. App. 194, 120 So. 663; Bloomquist v. Schenck, 14 La. App. 94, 129 So. 246.

Counsel for the plaintiff has referred us to the case of Henican v. Woodman, 1 La. App. 281, but we do not find that case to be in point, because the driver of the automobile gave the stop signal required by the traffic ordinance. The case of Swedman v. Standard Oil Co., 12 La. App. 359, 125 So. 481, also cited by counsel for plaintiff, is not applicable, for the reason that the automobile struck had been stopped for an

appreciable length of time prior to the collision.

We are of the opinion that the accident was caused by the failure of the plaintiff's husband to give the signal that he was about to turn to his left by extending his arm horizontally out of the window of the car, as required by the traffic ordinance, and that the defendant was free from fault.

For the reasons assigned, the judgment appealed from is affirmed.