### GREER et ux. v. WARE.

No. 5786.

Court of Appeal of Louisiana.
Second Circuit.

March 31, 1939.

Fred L. Jackson, of Homer, for appellant.

Meadors & Gensler, of Homer, for appellees.

DREW, Judge.

The learned judge of the lower court in a well written opinion has stated the issues of the case, correctly found the facts and arrived at a correct conclusion. We adopt it as ours and affirm the judgment with costs.

The opinion is as follows:

"These actions grew out of an automobile collision which occurred on the 16th

day of December, 1936, on the Colquitt-Haynesville graveled highway in Claiborne Parish, Louisiana, between a pick-up truck owned and driven by the defendant, Samuel A. (Jinks) Ware, and a school bus owned and operated by J. M. Monk.

"Without commenting in detail upon the testimony of each of the witnesses in these cases, the court finds from all the testimony, that about eight o'clock in the morning of December 16, 1936, J. M. Monk was driving a school bus from the village of Colquitt toward the town of Haynesville upon the highway known as the Colquitt-Haynesville highway, he at the time being employed to transport school children to the Haynesville school. There were about 22 school children in the bus on this particular morning, and the school bus driver was driving his truck about 30 or 35 miles per hour, going west toward the town of Haynesville, and because of recent rains and the condition of the road, he was driving his truck in the center of the highway or near the center. According to the testimony, all of the traffic on the highway at that particular portion thereof were using the center of the road to travel on for the reason that there were two well-beaten paths or tracks, and everyone seemed to be using these, and one using the tracks would be operating his motor vehicle in or near the center of the highway. The testimony further shows that there was a mile or more in an easterly direction from the place of the accident where there were only two main sets of tracks on the highway.

"The defendant, Mr. Ware, was, on this same morning, driving his pick-up truck west toward Haynesville and for some three-quarters of a mile had been driving behind the school bus; that the defendant, wishing to pass the bus, drove onto the left shoulder of the highway, blew his horn, increased his speed and attempted to pass. The school bus driver continued to drive as he had been driving for some time in the center of the highway, and the defendant's truck, not having enough room to pass on the left, collided with the school bus, the vehicles becoming interlocked, that is, the right rear bumper of defendant's truck catching the left front bumper of the school bus, both trucks being thrown sharply to the right and going into a ditch on the north side of the highway, the school bus coming to a stop some 30 or 40 feet west of the place where the truck of the defendant stopped.

"Alice Greer, the minor child of the plaintiffs, Asberry Bolin Greer and wife, who was at the time of the collision riding in the school bus, was thrown from the bus, caught under the rear wheel of the school bus, and died from the injuries she received.

"Elton Austin Odom, the minor child of Paul Odom and wife, who was riding in the school bus at the time of the collision, was thrown from the bus and pinned beneath the door or running-board of the bus and was severely injured.

"Virginia Barrow, a minor child of Thomas E. Barrow, who was riding in the school bus at the time of the collision, was thrown from it, pinned under the wheel of the bus, and received painful injuries.

"The testimony shows and convinces the court that the driver of the school bus was not aware that the defendant was attempting to pass the school bus, and the first knowledge that Mr. Monk, the driver of the bus, had of the presence of defendant's truck was when the two collided. The court is convinced that the driver of the school bus, Mr. Monk, did not hear the sound of defendant's horn nor did he hear anyone in the school bus state that the Ware truck was attempting to pass the school bus. And at no time did the school bus driver turn to the right side of the highway to let the Ware truck pass, but continued to drive at or near the center of the highway, as he had been doing for more than a mile.

"The defendant testified that he blew his horn before he attempted to pass the school bus, and he is corroborated by two or three of the school children who were in the bus, but their testimony shows that at the time they heard his horn, he was already in the act of passing the bus, and, as one of the children said,—'Someone wants by'; and another child stated,—'He is already going by'.

"The collision occurred, according to the testimony, about 150 feet west of a culvert, and the school bus, when it finally stopped in the ditch north of the highway, was about 225 feet west of this culvert. The defendant testified that he started to pass the bus about a point 175 feet east of the culvert and that at the time he reached the culvert, the front of his truck had caught up with the rear of the bus; that he continued on and traveled 150 feet farther until the two cars collided. It is shown by the testimony that the defendant saw the

school bus was being driven in the middle of the road and at the time he attempted to pass the bus, it was so driven, and the testimony shows that the defendant in his attempt to pass the bus, drove so near the left ditch of the highway that the soft dirt or gravel was pushed off into the left ditch, and in spite of this condition, the defendant continued to drive in an effort to pass the bus, which was traveling in the middle of the highway.

"There is no testimony to show that Monk turned to the left, as alleged by defendant.

"The death of the minor child of Mr. Greer and wife and the injuries caused to the minor child of Thomas E. Barrow and the minor child of Paul Odom and wife were caused by the collision between the school bus and the truck of the defendant.

▇▇▇ "According to the law and jurisprudence of this state, when two automobiles are being driven along a public road in the same direction, on a country road, the driver of the front car holds no duty to the car in the rear, except to use the road in the usual way in keeping with the laws of the road, and until he has been made aware of the presence of such rear car by signal or otherwise, he has a right to assume that there is no other vehicle in close proximity in his rear or, if there is one there, it is under such control as not to interfere with his free use of the road in any lawful manner. And in the absence of facts or circumstances that would put the driver of an automobile on notice of the near approach of another machine from the rear, he may drive slow or fast, select the parts of the road best suited to travel, stop or start at will. And where two automobiles are being driven along a highway in the same direction, the forward car has the superior right. This was held in the case of Stevens v. Dean, 6 La. App. 537.

▇▇▇ "From all the facts and circumstances surrounding this accident and the law as I see it, the defendant in this case was negligent in attempting to pass the school bus when he saw the bus was traveling in the center of the highway, and there was not sufficient room on the left of the school bus to permit the defendant to pass, and the driver of the school bus at no time yielding the road to the defendant, and the defendant attempted to pass the school bus and saw that the bus driver

would not turn to his right and he, the defendant, continued on in spite of this condition and knowing the school bus contained several children, it was his duty to abandon his efforts to pass the bus and, from all the facts and circumstances, he could easily have slowed down after he found that the school bus would not yield the road and turn to the right, and the defendant could have easily avoided the accident, and the doctrine of the last clear chance would apply in this case, even if the bus driver was negligent in any way.

"There is some testimony to the effect that about 50 feet east of the culvert, the school bus driver made a slight turn to the right in order to avoid a very rough place in the highway, and the defendant contends that it was because of this slight turn that he thought the bus driver had heard his signal horn and would yield the highway, but the testimony of the defendant himself shows that he had already started passing the school bus more than 100 feet back from this point, where the rough place in the road was, and the testimony of all the witnesses show that the school truck at no time turned to the right side of the highway, but drove in the beaten paths near the center of the highway.

▇▇▇ "If any acts of negligence existed on the part of the bus driver, they would not be imputed to the school children in the bus, but I am convinced that it was the negligence of the defendant and not the acts of the bus driver that caused the accident, and he is liable for the death of the Greer child and the damages caused to the other two children.

▇▇▇ "As to the quantum of damages in the case of Asberry Bolin Greer and wife, in view of the testimony that this child died within 30 or 40 minutes after the accident and, according to Dr. C. O. Wolff, she could not have suffered because she was not conscious, the court thinks an award of $2500.00 to each of the plaintiffs, Asberry Bolin Greer and his wife, or a total of $5000.00 to both, would be in keeping with the jurisprudence of this state; and in this cause, Asberry Bolin Greer and wife v. Samuel A. (Jinks) Ware, there will be judgment in favor of plaintiffs and against the defendant, each, in the sum of $2500.00 or a total of $5000.00."

Interest at the rate of five per cent per annum from judicial demand was awarded plaintiffs.