This suit was filed on behalf of the plaintiff, Elvira C. Jones, to recover damages for injuries she alleged she received as a result of an accident which occurred either on August 31, 1946 or September 1, 1946, approximately one mile west of the Town of Denham Springs, Louisiana. Plaintiff alleges that on the first day of September, 1946, at about the hour of 12 noon, she was driving a Chevrolet Coupe automobile owned by a Mrs. J.A. Tinsley, the latter being a passenger in the car at the time, in an easterly direction on U.S. Highway 190 toward the town of Denham Springs; that she was proceeding in a careful and prudent manner and operating the coupe on its right-hand side of south side of the concrete pavement; that defendant, Leo Miscar, was operating and driving a 1946 Model International Truck in an easterly direction, or the same direction your petitioner was traveling, on U.S. Highway 190, and that the defendant attempted to pass the automobile being driven by the plaintiff on the left-hand side or north portion of the concrete pavement, and that without warning, the defendant drove his truck back toward the south portion of the concrete pavement without allowing sufficient time for his truck to clear the automobile driven by petitioner and in such manner as to strike the automobile driven by plaintiff on its left front side forcing petitioner off the road and into the ditch.
That as a result of the automobile being forced off the road by defendant's truck, plaintiff sustained severe injuries consisting of a fracture of the two bones of her right forearm just above the wrist; a laceration in her forehead; a fracture of the ninth right rib, and general bodily contusions and severe nervous shock. That as a result of the accident and injuries plaintiff was temporarily incapacitated from performing her occupation for a period of three months *Page 811 
and was required to spend the sum of $239.00 for medical assistance and nursing' care; and that the defendant had an insurance policy with the Insurers Indemnity and Insurance Company and it is therefore made a party defendant.
The plaintiff itemized her damages as follows:
1. Loss of Earnings $ 168.00
2. Medical expenses and nurs- ing care 239.00
3. Shock to petitioner's nerv- ous system 2,000.00
4. Physical and mental pain and suffering resulting from said injuries 3,000.00
5. Impairment, permanent loss of function in petitioner's right arm. 2,500.00
6. Permanent disfiguring scar on petitioner's forehead, eyelid, nose and cheek 1,500.00
Hence, plaintiff prays for judgment against the defendant in the full sum and amount of $9407.00 with legal interest from the date of judicial demand until paid and for all costs.
Defendant admits the accident and denies any negligence but charges plaintiff with contributory negligence in Article 19 of its answer, and therefore prays that the demands of plaintiff be rejected at her cost.
The case was duly tried and the District Court rendered judgment in favor of the plaintiff and against the defendants, Leo Miscar and Insurers Indemnity and Insurance Company, in solido, in the full sum of $3,407.00 with 5% per annum interest from date of judicial demand until paid, defendants to pay all costs of suit. The defendants have appealed from this judgment of the District Court and the plaintiff has answered the appeal asking that the judgment be increased to $5,407.00.
The testimony in this case discloses that on the 31st of August, 1946, or first of September, 1946, the plaintiff was driving a Chevrolet Coupe automobile owned by Mrs. J.A. Tinsley, who was also a passenger in the car, in an easterly direction toward the town of Denham Springs on U.S. Highway 190; that when she had reached the distance of approximately one-half mile from Denham Springs, the defendant, Leo Miscar, who was driving an International Truck, attempted to pass her automobile, which necessitated the defendant's pulling into the northerly or left-hand lane of traffic; that Miscar steered his truck back into the southerly or right-hand lane of traffic before the rear end of his truck had completely cleared the front end of the Chevrolet driven by plaintiff.
[1] There is no doubt that the rear portion of defendant's truck struck the front left-hand fender of the automobile driven by the plaintiff. The blow caused the Chevrolet automobile driven by the plaintiff to get out of control and veer sharply to its right, where it ran into an embankment of the ditch on the south and right-hand side of U.S. Highway 190. In addition to the testimony of the plaintiff that this is actually what happened, we also have the testimony of the defendant, Leo Miscar, that he attempted to pass the Chevrolet Coupe and that after the front end of his truck had passed the coupe, he felt a bump and, when he looked back, the Chevrolet coupe was leaving the highway and ran into the embankment of the ditch. The explanation given by the defendant, Leo Miscar, in his testimony of the accident was that about the time "I got even with this car there was a curve about 400 yards down the road and another car come around this curve, and naturally it was my duty to pull over into the right hand side."
The defendant further testifies that there was no immediate danger of the on-coming car colliding with him.
There is also in the record the testimony of Boyd Westbrook, who was the driver of the on-coming car, to the effect that after he was going around the curve, he saw about 100 yards in front of him a large truck headed east which was on the wrong side of the road for the direction in which it was traveling. However, as this truck pulled over into the south lane of traffic into its proper lane of traffic on the south side of the highway, that he then noticed *Page 812 
a Chevrolet coupe, also headed east, and that just as he saw the Chevrolet coupe it swerved to the right and went into the ditch.
The witness Clyde Hood who was operating a tractor in a field approximately 100 yards from the highway testified that he heard the noise of the truck and car hitting together and that caused him to look toward the highway and he could see the truck and about half of the car.
The testimony convinces the Court that the defendant drove his truck back into the right-hand or south lane of traffic before he had completely cleared the Chevrolet coupe, and that, as a result, the rear end of the truck struck the front left fender of the coupe which the plaintiff was driving, and by reason of this blow, the plaintiff lost control of the Chevrolet which caused it to veer off the road and on into the ditch. There was no contributory negligence on the part of the plaintiff shown by the testimony in this case.
In the case of Ravare v. McCormick Company, La. App., 166 So. 183, 185, the Court held:
"The court finds the 'Law of the Road' to be that one who attempts to pass a vehicle on the road is called upon to exercise an extraordinary degree of care, and does the passing at his risk. Louisiana Highway Regulatory Act No. 21 of 1932, § 3, Rule 7; Stevens v. Dean, 6 La. App. 537 Uzzo v. Torres, 3 La. App. 292; Jeter v. Caddo Transfer Warehouse Co., 1 La. App. 35."
Also in Cooper v. Garrett, La. App., 6 So.2d 209, 213;
"Rule 7 of Section 3 of Act No. 286 of 1938 requires the driver of a vehicle overtaking another vehicle going in the same direction to pass such overtaken vehicle at a safe distance to the left and not drive back to the right side of the road until safely clear of the overtaken vehicle. The driver of a vehicle desiring to pass another vehicle in front of him must also see that the way is clear on the left side of the road for him to pass safely, without interfering with the vehicle ahead, so long as it is using the road in a lawful manner. Ardoin v. Robinson et al., La. App., 176 So. 228; Greer et ux. v. Ware, La. App., 187 So. 842."
[2] The facts prove that the defendant did not exercise an extraordinary degree of care in passing the plaintiff and, in fact, that defendant violated the law as above quoted. The liability of the defendant Leo Miscar is clearly established by the facts in this case and the law.
The record reveals that the plaintiff was in the hospital four days and was incapacitated from doing any work for approximately three months, however, she had not been employed since approximately November 1945 until the date of the accident.
It is admitted that her nursing and medical bills were proven to be $239.00. According to the record, she suffered a laceration on the forehead which has resulted in a scar approximately one inch long; a fracture of the right forearm at the wrist; a fracture of a rib on the right side of the chest. Plaintiff has a 10% disability in the use of the wrist and forearm as a result of the fracture. According to Dr. Charles MeVea her injuries do not interfere with her work to any material degree as librarian in the Town of Denham Springs. She obtained this employment after the accident and was so employed at the time of the trial.
[3] The plaintiff is claiming $168.00 for loss of earnings which she alleges she would have made from a kindergarten which she intended to open. She had bought some supplies which, after the accident, she sold to her sister for about $10.00, approximately the original cost, according to her testimony. While the Judge of the District Court gave no written reasons, it is evident from the amount of the judgment rendered that he allowed this item of $168.00. The judgment was for $3407.00 and evidently included in this amount must, of course, be the sum of $239.00, the proven medical and nursing bills, which, deducted from the total leaves $3168.00. Therefore, the amount of $168.00 was evidently allowed by the District Court. Clearly, this claim, for $168.00 under the facts is too speculative in nature to be allowed.
"(2) Medical Expenses and Nursing Care — $239.00" was proven and is admitted to *Page 813 
have been proven by counsel for defendants and should be allowed.
[4] We are of the opinion that $1500.00 is sufficient damages, under the facts, for the injury to her arm and the small scar.
[5] The plaintiff evidently suffered as a result of her injuries and we believe that she should be awarded $500.00 for such.
It is therefore ordered that the judgment of the District Court be amended by reducing the judgment in favor of the plaintiff and against the defendant to the sum of $2239.00 with legal interest from judicial demand, and it is ordered that the judgment of the District Court as amended be affirmed, defendant to pay all costs.