**MORRIS v. ROY MOTORS, Inc., et al.**

**No. 1843.**

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

58

Dubuisson & Dubuisson, of Opelousas, and M. C. Scharff, of New Orleans, for appellant.

Lewis & Lewis, of Opelousas and Alvin R. Christovich, of New Orleans, for appellees.

LE BLANC, Judge.

The plaintiff, William Morris, appeals from a judgment in the district court which dismissed his suit instituted on his own behalf as well as that of his minor children, on an exception of no cause of action.

The suit is one for damages arising out of an automobile accident which is alleged to have occurred on highway No. 71 about three miles from Bunkie, La., on the afternoon of Sunday, August 23, 1936. The demand is for the total sum of $2,581.35, of which $2,000 is for pain and suffering endured by one of his minor children and $500 for the other. The sum of $81.35, the amount he seeks to recover judgment for in his own name, is for expenses incurred by him in connection with the injuries sustained by his two children and some other items of expense.

The plaintiff alleges in his petition that on the day mentioned an automobile owned by Roy Motors Inc., and which was being driven by H. J. Smith, an employee of the said Roy Motors, Inc., and who at the time was acting within the scope of his employment and on a mission for his said employer, crashed into the rear of his automobile, causing the damage which is alleged to have been sustained. He further alleged that the Great American Indemnity Company of New York carried a policy of insurance on the automobile which ran into his, indemnifying any person injured through the negligent operation of the same, and he therefore makes the said indemnity company a codefendant with Roy Motors, Inc., and H. J. Smith, praying for judgment against them all in solido.

There was an exception of no cause or right of action filed on behalf of all three defendants. We understand that as to the defendants Roy Motors, Inc., and H. J. Smith there were other issues raised under the exception than the one which is common to all three and on which the exception was sustained, but apparently the special issues raised under the exception with regard to the first two mentioned are not being pressed at this time, since they are not discussed in the briefs presented to this court and, inasmuch as we have concluded, as did the district judge, that the exception can be disposed of on the issue common to all three defendants, we will not consider the other points therein involved.

The issue tendered involves strictly the application of the doctrine of res ipsa loquitur in its relation to the pleadings filed by the plaintiff herein. In his petition, plaintiff alleges that on the date mentioned he was driving a Ford four-door model "A" automobile on the highway referred to, proceeding in the direction of Bunkie from New Orleans, La. He next alleges "that on the aforesaid day between three and four o'clock P. M. while your petitioner was driving said Ford automobile as aforesaid, an automobile owned by the co-defendant, Roy Motors Inc., and driven by the co-defendant, H. J. Smith, an employee of the said Roy Motors Inc., who at the time was acting within the scope of his employment and on a mission for his said employer, crashed into the rear of your petitioner's automobile, injuring your petitioner's wife, Mrs. William Morris, and his two daughters mentioned aforesaid." The quoted part of plaintiff's petition constitutes the sole allegation on which the cause of action is said to be predicated. Admittedly it is not of itself sufficient to sustain a cause of action in an ordinary case in tort, and the only ground on which such cause could be said to rest would be if the doctrine of res ipsa loquitur applies.

It is freely conceded by the defendants that the doctrine invoked applies in automobile damage suits, but it is earnestly contended that it cannot be evolved from the allegation contained in the petition in this case.

It is to be noted that nowhere in the petition does the plaintiff allege any facts which would tend to charge the defendants with negligence. The only allegation of fact in connection with the happening is that the car which was being driven by one of the defendants crashed into the rear of the plaintiff's car. The effect produced by this allegation is simply that an accident happened and that, as a result thereof, the plaintiff's wife and children were injured. Is such an allegation sufficient in itself to support a cause of action under the doctrine of res ipsa loquitur?

We must confess that we find the question presented a rather involved and intricate one. In the latest annotation we find on the subject, 93 A.L.R. 1101, we note that it is treated as being so close that the "annotation is confined to cases in which the doctrine was expressly stated to be involved, or in which although there was no reference to it as such, the facts clearly show it to be within the rule." The reason is ascribed to the border line of the doctrine, and "the haziness of that line," which runs "at some point between those cases in which the mere happening of an accident is shown, and those in which, in addition, there is specific evidence, circumstantial or otherwise, of negligence." Numerous cases are cited in which the court could stand on either side of the border line referred to and satisfactorily defend its position.

In view of the attitude which this court has taken with regard to the doctrine, we believe that those cases in which the mere happening of the accident is held not to be sufficient of itself to bring a case under the rule to be the sounder view to take, and that a petition which, as the one in this case, contains no allegation further than the mere happening of the accident, discloses no cause of action.

The doctrine of res ipsa loquitur is, strictly speaking, one which relates more to a rule of evidence than to substantive law. See Blashfield, Cyclopedia of Automobile Law, vol. 9, Permanent Ed., p. 291, § 6043. Considered from the standpoint of a rule of evidence rather than of substantive law, it strikes us that its application properly lies in the trial of the case rather than in a consideration of the pleadings. There arises a doubt in our mind whether it can be invoked to support a cause of action in a petition which otherwise discloses none. In the case of Monkhouse v. Johns, La.App., 142 So. 347, 351, the rule was applied and the defendant held liable under its application, but the court in defining the rule, as prevailing in the various states, said that it appears to be as follows: "Res ipsa loquitur is a phrase which imports that in each case there must be something in the facts that speaks of the negligence of defendant; that is, that the thing which caused the injury was under the management of the defendant or his servants and the accident was so unlikely to occur, if proper care had been exercised, as to justify an inference that it was due to some neglect of duty. *The general rule is that the occurrence of an accident does not raise the presumption of negligence* but, where the testimony which proves the occurrence by which the plaintiff was injured discloses circumstances from which the defendant's negligence is a reasonable inference, a case is presented which calls for defense." (Italics ours.) If the rule is that the mere happening of the accident does not raise the presumption of negligence, but that some testimony is required disclosing certain circumstances

from which negligence might be inferred, we hardly believe that a petition which alleges nothing more than the mere occurrence of the accident can be said to show a cause of action.

In the case of Gomer v. Anding, La.App., 146 So. 704, 707, the rule was applied on the facts therein presented in holding the defendant liable. That was a decision of this court in which we attempted to state the rule as follows: "It [res ipsa loquitur] is a phrase used to express tersely a rule in the law of negligence to the effect that, where the fact of an accident exists and the attending circumstances are of themselves sufficient to justify an implication or inference of fault or negligence on the part of the defendant, making out a prima facie case as it were, the task then devolves upon the defendant to present an explanation to exculpate himself from the legal presumption that is thrown around him." If that is a correct definition or interpretation of the rule, and we believe it to be so, then the attending circumstances necessary to produce the implication or inference of negligence, in order to make out a prima facie case as it were, have to be disclosed before the defendant can be called upon to present his explanation to exculpate himself from the presumption referred to. If they have to be disclosed in the trial of the case before the defendant is charged with the duty of explanation, we ask ourselves why should they not be disclosed in the plaintiff's petition in order to support a cause of action?

But the plaintiff in this case contends that he has made sufficient allegations of attending circumstances to justify an inference of negligence when he averred in his petition that the car which was being driven by one of the codefendants herein crashed into the rear of his automobile. The legal effect produced by that allegation is no stronger, in our opinion, than that which would come from a mere allegation that an accident had happened, which, as we have seen, would not be of itself sufficient to support a cause of action under the doctrine of res ipsa loquitur. Ordinarily, a car following another on the highway does not crash into the one it is following, but the mere occurrence of such an accident does not of itself create a presumption of negligence against the driver of the car which crashes into the other. There are numerous cases arising in which such a driver, even after having been charged with specific acts of negligence, has been absolved from liability, and it not infrequently happens that the driver of the car which was run into has been found to be the guilty party. It is because of the various situations which arise with respect to an accident that we think that the courts in considering the doctrine of res ipsa loquitur have held that there must be some attending circumstances shown, surrounding the accident itself, from which *only* the inference of negligence can arise, before it will be applied in order to hold a defendant liable.

This case is easily distinguishable from the case of James Auzenne v. Gulf Public Service Company, La.App., 181 So. 54, this day decided, where the doctrine of res ipsa loquitur was involved and where we overruled an exception of no cause of action and remanded the case for trial. In that case, the petition set out a state of facts and circumstances pointing to the negligence of the manufacturer of a bottle of Coca-Cola as the cause of the accident, whereas in the present case there are no circumstances set out from which an inference can be drawn pointing to the negligence of the defendant as the cause of the accident.

We are of the opinion that the exception in this case was properly disposed of in the lower court and that the judgment dismissing the plaintiff's suit is correct and should be affirmed.

Judgment affirmed, appellant to pay all costs.

Court of Appeal of Louisiana. First Circuit.

May 5, 1938.

Dubuisson & Dubuisson, of Opelousas, and M. C. Scharff, of New Orleans, for appellant.

Lewis & Lewis, of Opelousas, and Alvin R. Christovich, of New Orleans, for appellees.