185 So. 11

LOPRESTIE v. ROY MOTORS, Inc., et al.

MORRIS v. SAME.

Nos. 34996, 34997.

Oct. 31, 1938.

Rehearing Denied Nov. 28, 1938.

M. C. Scharff, of New Orleans, and Dubuisson & Dubuisson, of Opelousas, for plaintiffs.

Alvin R. Christovich, of New Orleans, and Lewis & Lewis, of Opelousas, for respondents.

LAND, Justice.

These consolidated suits are for damages growing out of an automobile collision which occurred on Highway No. 71, about three miles south of Bunkie, Louisiana, on August 23, 1936, between an automobile driven by William Morris, in which were riding with him his wife and his two minor daughters, with an automobile alleged to be owned by Roy Motors, Inc., and driven by H. J. Smith, who is alleged to have been an employee of Roy Motors, Inc., acting within the scope of his employment and on a mission for his employer at the time of the collision.

The Great American Indemnity Company of New York, as the alleged insurer of Roy Motors, Inc., is also made a party defendant in each of these suits, which have been consolidated in this Court, as the issues involved in each are the same.

Both suits were dismissed in the District Court of St. Landry Parish on exceptions of no cause of right of action, filed by all the defendants, and the judgments of the lower court were affirmed in appeal by the Court of Appeal, First Circuit. Morris v. Roy Motors, Inc., 181 So. 57; Loprestie v. Roy Motors, Inc., 181 So. 60. These judgments are now before this court for review.

The allegations in plaintiffs' petitions on which a cause of action against the defendants is based are as follows:

"That on Sunday, August 23, 1936, your petitioner was driving a Ford Four door model "A" automobile on Highway No. 71 about three miles from Bunkie, Louisiana, proceeding in the direction of Bunkie from New Orleans, Louisiana.

"That on the aforesaid date between *three and four o'clock p. m.* while your petitioner was driving said Ford Automobile as aforesaid, an automobile owned by the codefendant, H. J. Smith, an employee of the said Roy Motors, Inc., who at the time was acting within the scope of his employment and on a mission of his said employer, *crashed into the rear* of your petitioner's automobile, injuring your petitioner's automobile, injuring your petitioner's wife, Mrs. William Morris, and his two daughters mentioned aforesaid.

"That at the place where said collision took place, *said roadway was straight and there were no obstructions whatsoever to hinder or in any way obstruct the view of the driver of the automobile* which crashed in the rear of petitioner's automobile." (Italics ours.)

Not having alleged any specific act of negligence on the part of the driver of the following car, it is apparent that plaintiffs are relying upon the doctrine of res ipsa loquitur, since it is alleged that the driver of the car behind, in broad daylight, on a straight roadway, and with unobstructed view, had crashed into the rear of plaintiff's car.

The trial Judge, however, in maintaining the exceptions of no cause of action, held in a written opinion: (1) That in order to invoke the doctrine of res ipsa loquitur, the plaintiff should have *negatived* his own negligence, and (2) that he should also have alleged that the driver of the following car *was guilty of negligence "in terms."*

■ (1) The doctrine that plaintiff in actions for personal injuries must allege and prove that he was without contributory fault was overruled in so far as it has been recognized in the jurisprudence of Louisiana, in the case of Buechner v. City of New Orleans, 112 La. 599, 36 So. 603, 66 L. R.A. 334, 104 Am.St.Rep. 455. In that case it is said by the Court [page 604]:

"The weight of the more recent decisions is in favor of the proposition that 'contributory negligence is a *matter of defense,* and, to be availed of, must be pleaded.' See Rapalje & Mack's Digest, vol. 3, Nos. 75, 76, p. 281; Beach infra.

"It has been the uniform jurisprudence of the Supreme Court of the United States that the burden of proof is *on defendant to show that the plaintiff was negligent,* and that his negligence contributed to the injury. See Inland & Seaboard Coasting

Co. v. Tolson, 139 U.S. 551, 11 S.Ct. 653, 35 L.Ed. 270; Washington & Georgetown R. Co. v. Harmon's Adm'r, 147 U.S. 571, 13 S.Ct. 557, 37 L.Ed. 284." (Italics ours.)

As stated in the Buechner Case: "The law presumes, in the absence of evidence to the contrary, that plaintiff was free from negligence. Baltimore & Potomac R. Co. v. Landrigan, 191 U.S. 461, 24 S.Ct. 137, 48 L.Ed. 262."

It follows then that it is not necessary to *negative* plaintiff's negligence in an action for personal injuries.

▬▬▬ (2) The holding of the trial Judge that plaintiff should also have alleged that the driver of the following car *was guilty of negligence "in terms"* is in direct conflict with the leading case of Lykiardopoulo v. New Orleans & C. R. Light & Power Co., 127 La. 309, 53 So. 575, Ann.Cas.1912A. 976, in which it is held:

"In cases where the plaintiff cannot be expected to have any information as to the causes of the accident, whereas the defendant, on the contrary, must be assumed to be fully informed on the subject, and where the accident is of the kind which ordinarily do not occur when due care has been exercised, *the rule of evidence is that the accident speaks for itself—res ipsa loquitur—that is to say, that a presumption of negligence arises from the fact itself of the accident. In such cases, the plaintiff not only need not allege the particular acts of omission or commission from which the accident has resulted, but need not even prove them.* The accident itself makes out

a prima facie case, and the burden is on defendant to show absence of negligence. Res ipsa loquitur." Page 312, 53 So. page 576. (Italics ours.)

In the recent case of Pizzitola v. Letellier Transfer Co., 167 So. 158, the Court of Appeal for the Parish of Orleans said [page 159]:

"The doctrine of 'res ipsa loquitur' applies in cases where, by reason of the fact of the happening of the accident, *the defendant is in a better position to explain its occurrence than the plaintiff.* The jurisprudence of this state is that unproved *specific allegations of negligence* will be regarded as surplusage, in cases where the doctrine would ordinarily apply.

"But it is asserted that unless the petition contains *a general charge of negligence,* we are without warrant for treating specific allegations of fact as surplusage. However, it is too well settled to require the citation of authority that a general allegation of negligence is merely the pleaders own conclusion of law. If, by reason of the fact of the happening of the accident, the burden is cast upon the defendant to show a freedom from fault, *we do not think* that the plaintiff's failure to allege a conclusion of law, i. e., a general charge of negligence, would alter the situation." (Italics ours.)

We do not concur therefore in the conclusion reached by the Court of Appeal, First Circuit, that plaintiffs have alleged nothing but *a mere accident* from which no legal liability can flow.

■ The decisions cited supra make it clear that plaintiffs did not have to negative negligence upon their part, nor make a general allegation of negligence. Nor did plaintiffs have to allege or prove specific allegations of negligence.

■ The doctrine of res ipsa loquitur is based upon the legal proposition that where the defendant is shown to be in a better position to explain the accident than the plaintiff, and where the circumstances of its occurrence indicate that plaintiff cannot be expected to have any information as to the causes of the accident, which is of a kind that does not occur ordinarily when due care has been exercised, *"the rule of evidence* is that the accident speaks for itself—res ipsa loquitur—that is to say, *that a presumption of negligence arises from the fact itself of the accident."*

■ In the case at bar, plaintiffs were in the forward car, with their backs turned to the following car, when the crash occurred in the rear of plaintiff's car. The accident occurred in daylight, on a straight paved road, without any obstruction to the view of the occupants of the following car. An accident of this kind does not occur ordinarily when due care has been exercised; and, under the circumstances of the case, it must be assumed that defendants were fully informed of the cause of the accident, while plaintiffs clearly did not have such information. Under such a state of facts, the presumption of negligence arises from *the fact itself of the accident*—res ipsa loquitur.

The facts of the case at bar are quite similar to those in the case of Overstreet v. Ober, 14 La.App. 633, 130 So. 648, in which it is stated in the sixth syllabus of that case:

"Where automobile collided with truck while approaching from rear on straight paved highway in open daylight and there were no obstructions and other vehicles in sight, doctrine of res ipsa loquitur was applicable." Mr. Justice Odom, who was then a Judge of the Court of Appeal, Second Circuit, was the organ of the Court in that case.

■ Our conclusion is that the petition in each of the consolidated cases sufficiently sets forth a cause of action.

It is therefore ordered that the judgments of the District Court for the Parish of St. Landry, maintaining the exceptions of no cause or right of action in each of these suits and dismissing the suit in each case, and that the judgments of the Court of Appeal, First Circuit, for the Parish of St. Landry, affirming said judgments, be and the same are hereby annulled and set aside.

It is now ordered that these cases be remanded and reinstated on the docket of the District Court for the Parish of St. Landry, and be proceeded with in due course and according to law, and that Defendants pay the costs of these proceedings.