This is a suit on behalf of Donald B. Kemper, his employer, his employer's automobile insurance carrier, and his employer's compensation insurance carrier, for personal injuries and medical expenses sustained by Kemper, property loss sustained by his employer, property insurance paid by the automobile insurance carrier, and workman's compensation paid by the compensation insurance carrier, all the result of a collision between the automobile belonging to his employer and driven by Kemper in the course of his employment, and that of the defendant A.P. Land.
The petition alleges that at about 12:30 A.M. on March 22, 1938, Kemper was driving a Ford V-8 coupe through the village of Sunset towards Opelousas at a speed of about 35 miles per hour, returning from a mission on behalf of his employer, the Kemper Ice Company; that the paved concrete highway on which he was driving was wet and slippery from heavy rainfall and that it was drizzling; that through his rear view mirror he saw defendant's automobile approaching from the rear at a speed he estimates to have been 70 miles per hour; that at the time, he, Kemper, was driving to the right of the black center line, and, in order to give defendant ample room to pass him, he swung farther to his right, but that the defendant, due to his negligence in failing to keep a proper lookout or to his excessive speed, or to some other act of negligence unknown to petitioner, crashed into the rear of petitioner's automobile, causing Kemper to lose control thereof, to be thrown from the said automobile, both he and the car coming to rest in the highway ditch to his left, that is, on the south side of the highway. The petition alleges further that the lights on the Kemper automobile, including the tail light, were burning properly; that no other automobile or obstacles in any way interfered with defendant's ability to overtake and safely pass *Page 249 
Kemper's automobile and that the accident was due entirely to the negligence of defendant.
The petition alleges that, as a result of the accident, Kemper suffered a comminuted fracture of the tibia and fibula of his left leg and was greatly shocked systemically and that the automobile was damaged to the extent of $86.93; that petitioner Kemper was forced to undergo medical treatment, operations and long hospitalization and suffered great pain and mental anguish and has been totally disabled by his injuries since the date of the accident; that he has received workman's compensation at the rate of $20 per week from the time of the accident. It is averred that the Hibernia Underwriters Department of the Home Insurance Company paid $61.93 of the automobile damage and the Kemper Ice Company paid the remaining $25, under the terms of a collision insurance policy written by the aforesaid insurance company in favor of the Kemper Ice Company; and that the Standard Surety and Casualty Company, under its policy of workman's insurance with the Kemper Ice Company has paid and is paying workman's compensation to Donald Kemper at the rate of $20 per week. The petition prays for damages in the sum of $15,307.02, plus medical and hospital expenses already incurred, but for which no bills have been rendered, and for such expenses as will have to be incurred in the future, with legal interest, and for judgment in favor of the several plaintiffs in accordance with their respective interests.
The defendant filed an exception of no cause of action, and, reserving his rights thereunder, at the same time filed his answer. The exception was properly overruled by the lower Court and does not seem to be seriously urged in this Court. It is apparently based on a failure of the petitioners to allege particular acts of negligence on the part of the defendant as the cause of the accident. Plaintiffs rely on the doctrine of res ipsa loquitur as announced in the case of Loprestie v. Roy Motors, Inc., et al., 191 La. 239, 185 So. 11, to excuse their failure to allege specific acts of negligence. In the light of the cited case, we feel that the allegations of the petition in the case at bar are sufficient.
The answer admits that the accident happened at the place alleged and at approximately the same time alleged and that Kemper was driving his car toward Opelousas at a speed of about 35 miles per hour as alleged; but denies that defendant was driving at an excessive rate of speed or that he was in any way negligent, contending that defendant Land was driving his car in the rear of plaintiff's car with its headlights burning with sufficient intensity to warn plaintiff of the approaching automobile; that, as defendant's car approached, Kemper's machine was on the right side of the black center line, and that as defendant closed the gap between the two cars until he was at a distance of some 50 to 75 feet behind Kemper's machine he drove to the left of the road before attempting to cross Kemper and assumed that Kemper knew of the approach of respondent's car and that same was in a position to pass him, whereupon respondent pulled farther to the left, being entirely on the left or south side of the black center line; that when defendant reached a point approximately 10 or 12 feet behind Kemper, Kemper, without warning, swerved his car to the left of said highway and respondent thereupon hurriedly swung still farther to his left pulling both of his left wheels onto the dirt shoulder, but that it was impossible to avoid a collision between respondent's car and plaintiff's car; that the accident, in accordance with the facts alleged, was caused solely by the negligence of the plaintiff. In the alternative, if it be found that the defendant was negligent, defendant pleads that Kemper was guilty of contributory negligence in failing to give warning when he swerved to his left; in failing to keep a proper lookout when turning to his left; and in being intoxicated or under the influence of alcoholic liquor to such an extent that he could not safely or properly operate his automobile. On trial of the case, the District Court rendered judgment in favor of defendant dismissing the suit. The plaintiffs have appealed.
As set forth in the written opinion of the trial judge, the decision of this case hinges entirely on a question of fact. The trial judge came to the conclusion that the accident occurred on the south side of the black center line (that is, to the left of the two drivers) and was caused by the negligence of plaintiff Kemper, and, unless we can find manifest error in that finding of fact, we must affirm his judgment. The plaintiff's case rests mainly on the testimony of himself, his doctor and the automobile mechanic who took charge of repairing his damaged automobile, and on the physical facts. Plaintiff testified substantially in *Page 250 
accordance with the allegations in his petition, but admitted on cross-examination that immediately prior to the accident he spent about two hours at the Oak Grove Tavern in Lafayette and then about one hour at Breaux's Bar in Carencro, during which time he had several drinks of alcoholic liquor with friends. He refused to estimate the number of drinks that he had, but would not swear that he did not take over four drinks at Carencro, the latter place being approximately 10 miles from the scene of the accident. He maintained that he was not intoxicated and that he had complete control of his faculties at the time of the accident, but he is contradicted by the defendant and the three guests who were riding in defendant's car, including a medical doctor.
Dr. Bienvenu, the plaintiff's physician, testified merely as to the injuries and treatment of plaintiff Kemper and throws no light on how the accident occurred.
The witness, Bernard, foreman of the Bordelon Motor Company Garage, who took charge of repairing plaintiff's car, testified that the damage on the Kemper car was on the left rear wheel, left rear housing, left rear fender, left running board, left door, left front fender, rear spring, rear left wheel, rear tire, left rear brake plate; that this damage was done by the car being hit on a 45° angle on the left rear wheel. This testimony, instead of supporting plaintiff's contention that he was struck on the right side of the black center line, tends to support the testimony of the defendant and his witnesses to the effect that defendant's car was struck at the south shoulder of the highway, in view of the fact that it is admitted that both plaintiff's and defendant's cars came to rest on the south ditch of the highway. In other words, as set forth by the trial judge, if plaintiff's car had been struck at a 45° angle on the left rear thereof on the right side of the black line, as contended by plaintiff, the probabilities are that both cars would have gone to the right of the highway, especially defendant's car which was traveling at a rate of speed in excess of plaintiff's car and in the direction, according to that contention, of the north ditch.
Other physical facts which contradict plaintiff's contention that the impact occurred on the right side of the highway are that tracks were found on the left shoulder of the road and the hub cap off of the right front wheel of defendant's car was found on the left shoulder, indicating that the impact was near that point.
The defendant and the three guests whom he had in his car all testify substantially alike, each stating that plaintiff was driving at the rate of about 45 miles per hour, that the highway was wet and slippery, that there was no other car on the road at that time; that as defendant approached plaintiff's car his headlights were burning properly; that in attempting to cross plaintiff defendant took the lane completely to the left of the black center line, at which time plaintiff was to the right thereof, and that plaintiff did not swerve to his left until they were within 10 or 12 feet of him, at which time defendant swerved farther to his left until his two left wheels were on the shoulder of the highway, and that it was impossible for defendant to prevent striking the left rear of plaintiff's car with the right front of his car. One of defendant's guests stated that the defendant's car was almost even with the Kemper car, but we do not feel that this is an important difference in the testimony since a car about to pass another traveling at a rate of almost 50 miles per hour and within 10 or 12 feet of the forward car could well be described as almost even with it. They testify further, as do all witnesses, that both cars came to rest in the south ditch of the highway, defendant's car being some 25 feet west of the situs of impact and plaintiff's car being some 15 or 20 feet further west, and both cars facing in the opposite direction from which they had been traveling. They also testify that plaintiff had been drinking and that he was apparently under the influence of alcoholic drink.
It is our conclusion that the great preponderance of the evidence is with the defendant, as stated by the trial judge. At least we can find no manifest error in the finding of fact by the lower Court and the judgment must therefore be affirmed. It is so ordered. *Page 251