146 So.2d 647 (1962)
Effie FOSTER, Individually, and as Administratrix of the Estate of Her Minor Child, Felton Foster
v.
PHOENIX INSURANCE COMPANY.
No. 5654.
Court of Appeal of Louisiana, First Circuit.
November 9, 1962.
Talley, Anthony, Hughes & Knight, by Charles M. Hughes, Bogalusa, for appellant.
*648 Porteous & Johnson, by Lloyd C. Melancon, New Orleans, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY, and REID, JJ.
HERGET, Judge.
Plaintiff, Effie Foster, individually and on behalf of her minor son, Felton, prosecutes this appeal from a judgment rejecting their demands for personal injuries sustained as a result of an automobile collision on November 28, 1959 in the City of Bogalusa while riding as guest passengers in an automobile owned and operated by Porter Nichols. Suit was brought against Phoenix Insurance Company, insurer of Mrs. Mildred Agnelly, alleging Mrs. Agnelly's negligence in suddenly and without warning slamming on her brakes and stopping causing the Nichols vehicle, which was traveling behind, to collide with the rear of the Agnelly automobile. The negligence of Mrs. Agnelly was denied by her insurer. In the alternative, Defendant pleaded contributory negligence on the part of Porter Nichols driver of the vehicle in which Plaintiffs were riding. It was stipulated at the trial by Plaintiffs' counsel a restrictive release had been obtained against the insurer of the Nichols vehicle; therefore, the sole issue before the Court at this time is the negligence of Mrs. Agnelly.
Prior to the collision, which occurred at 11:20 a. m., Mrs. Agnelly, a resident of West Virginia, while driving through the City of Bogalusa approached the intersection of Montgomery and Richmond Streets traveling north in the extreme right lane of Columbia Street. The surface of the road was dry and the weather was clear. Columbia Street is a four-lane highway with two lanes for northbound traffic and two lanes for southbound traffic separated by a neutral ground. At the point where the accident occurred, Columbia Street turning slightly to the northeast becomes Richmond Street, and Montgomery Street intersects Richmond-Columbia Streets from the northwest. The three streets form a "Y" intersection. The intersection is controlled by a semaphore light placed in the center of the "Y"; the inside northbound traffic lane on Columbia Street is controlled by changing red-yellow-green lights; beneath these lights is a fourth light indicating a constant green arrow directing northbound traffic in the outside lane of Columbia Street to enter Richmond Street. Mrs. Agnelly testified that before she entered the intersection, driving on the outside lane of Columbia Street, she saw the light turn red and, believing this was an indication she should stop, she applied her brakes. She further testified she did not come to a complete stop and accelerated when she observed the green arrow beneath the red light, despite which her vehicle was struck in the rear by Nichols' car. Her description of the collision was substantiated by the testimony of her guest passenger, Mrs. Catherine Ernst. Porter Nichols testified that prior to the collision he was following the Agnelly vehicle by approximately one and a half car lengths and both automobiles were traveling about 25 miles per hour. He stated that as Mrs. Agnelly approached the intersection she suddenly and without warning slammed on her brakes; he applied his brakes but was unable to stop his car before the collision.
Sergeant Talley of the Bogalusa Police Department arrived at the point of collision in his opinion some three minutes after same occurred and related that from the debris left in the road the collision occurred approximately two and a half car lengths south of the intersection. He found four or five paces of skid marks which he attributed to the Nichols vehicle and none left by the Agnelly automobile. This mute physical evidence found by Sergeant Talley corroborates Mrs. Agnelly's testimony that she did not stop or apply her brakes suddenly but rather slowed her vehicle to observe the signals and upon ascertaining she could proceed in the lane of traffic in which she was traveling, indicated by the constant green arrow, she then accelerated her vehicle *649 but was unable to gain sufficient speed before her automobile was struck in the rear by the Nichols vehicle.
Counsel for Plaintiffs maintain that inasmuch as Mrs. Agnelly gave no signal of her intention to stop, this violation constituted negligence per se and was the legal cause of the collision. Counsel is in error when he maintains Mrs. Agnelly gave no signal of her intention to slow or stop her car forthough admittedly she gave no hand signalthe question of whether the signal light on the rear of the Agnelly vehicle was working and did work when she applied her brakes to slow her car is not in doubt inasmuch as Porter Nichols himself affirmatively testified that prior to the collision he observed the brake lights of the Agnelly vehicle come on; therefore had he been exercising proper care and attention and had he had his vehicle under control the accident would not have occurred.
Though Plaintiffs maintain that Mrs. Agnelly made a sudden stop, Felton, the minor son Plaintiff, in response to a question as to the manner, suddenly or gradually, in which Mrs. Agnelly stopped her automobile, answered "Just stopped gradually."
The driver of a preceding car on a highway owes no duty to the driver of the following vehicle except to use the road in the usual way in keeping with the laws of the road. Greer v. Ware, La.App., 187 So. 842; Fuld v. Maryland Casualty Company, La.App., 178 So. 201; Crow v. Alesi, La. App., 55 So.2d 16; Crochet v. A. & P. Truck Lines, La.App., 52 So.2d 265 and Emmco Insurance Co. v. St. Lawrence, La. App., 127 So.2d 202.
The duty is imposed upon the operator of the following vehicle to keep his car under control; to observe the forward vehicle; to follow same at a safe distance and if an accident occurs he is generally presumed to be negligent where a rear end collision occurs. Loprestie v. Roy Motors, Inc., 191 La. 239, 185 So. 11. There is an exception to this rule under which Plaintiffs seek to come and that is when the lead vehicle negligently and without warning stops or suddenly slows creating a hazard for the following vehicle. In such circumstances, however, the burden is on the operator of the following vehicle or in this instance his guest passengers, Plaintiffs, to prove the stopping or slowing was sudden and without warning and in circumstances which created a hazard. Fuld v. Maryland Casualty Co., supra; Crow v. Alesi, supra.
The trial Judge in his written reasons for judgment was of the opinion Mrs. Agnelly neither stopped her car suddenly nor did she create a traffic hazard by her actions, but the sole cause of the collision was Nichols' inattention, lack of control and his driving at an unsafe speed and distance behind the Agnelly vehicle.
In our opinion the evidence clearly substantiates this finding and, accordingly, the judgment of the lower Court is affirmed.
Affirmed.