REID, Judge.
Plaintiffs John C. Porter and his wife Fedil C. Porter brought this suit for damages against Guy E. Barron and his liability insurer United Services Automobile Association for damages in the amount of $16,997.00 as a result of an accident which happened on Saturday morning, June 29, 1963 at about 11:55 A.M. on Louisiana State Highway near Kinder, Louisiana on the Calcasieu River bridge.
Plaintiffs alleged that the defendant Barron was negligent in stopping his car on the Calcasieu River bridge in violation of the Highway regulations, and in addition stopping his car on the bridge just past the top span of said bridge where it was impossible for it to be seen from a car traveling in the same direction, until it had topped the uppermost span and started down.
Defendants filed an answer admitting the accident but alleged that the accident was caused by the negligence of the driver of the Porter car, Mrs. Fedil C. Porter, and further alleged that she had the last clear chance to avoid the accident, and plead in *305 the alternative that in the event the Court found negligence on the part of Barron that Mrs. Porter was guilty of contributory negligence.
They further assumed the position of plaintiff in reconvention and brought suit for the sum of $269.90, the amount of damages, less deductible which Mr. Barron’s car received as a result of the wreck.
Defendants further alleged negligence on the part of Mrs. Porter in that she failed to observe the Highway and the vehicles thereon in the direction toward which defendants in reconvention were traveling, failed to slow her vehicle on approaching the Cal-casieu River bridge, failed to maintain control of her vehicle, and failed to stop the vehicle in sufficient time to avoid the accident. Plaintiffs and defendants in re-convention filed an answer to the reconven-tional demand alleging that Mrs. Porter was not negligent in any way whatsoever and further alleged the same affirmative allegations in defense of the reconventional demand as were contained in the original petition.
The Trial Court for oral reasons dictated and transcribed in the record rendered judgment rejecting plaintiffs’ demand and granting judgment in reconvention, in favor of United Services Automobile Association and against the defendants in reconvention, John C. Porter and Mrs. Fedil C. Porter, in solido in the sum of $269.90 with legal interest from judicial demand until paid and all costs. From this judgment the plaintiffs and defendants in reconvention have brought this appeal.
The facts show that both, plaintiffs in a 1960 Chrysler Imperial automobile and the defendant in a 1959 Buick station wagon, were traveling in an easterly direction with the Barron car in the lead. Mrs. Porter was driving the car and her husband was the only passenger.
The accident happened on the Calcasieu River bridge a few miles west of Kinder, Louisiana. This bridge is approximately 450 feet long and has an approximate six and a half foot rise in the middle, sloping upward from the east and west direction with a very gradual ascent in both directions.
Mr., Barron, according to his testimony, had passed over the hump and had gone about 60 feet down the eastern slope of the bridge when he saw a big chemical truck approaching from the east, and he stated that the rear wheels were about two feet across the white line in his lane of traffic. He hit his brakes, slowed down until the truck got into the proper lane of traffic and then when he was about opposite the rear wheels of the truck stepped on the accelerator to speed up his car. It was at this time he was hit from the rear.
Mrs. Porter and Mr. Porter testified that they had been following the Barron car for some time, and that when they got on the bridge they could not see over the hump in the middle and did not know that the Barron car had slowed down or stopped. They both contended that the Barron car had stopped. They slowed their car from about 55 miles an hour down to 40 or 45 as they ascended the approach to the bridge, and when they passed over the hump they saw the Barron car about 50 or 60 feet ahead of them and contended that the car was stopped. Mrs. Porter, the driver of the car, applied her brakes but was unable to stop and skidded into the Barron car.
The State Policeman who checked the wreck testified concerning the length of the bridge and the approximate height of the slope, and he stated that when you got about a fourth up the slope that you could see fully any car either coming or going.
The Trial Judge in his oral reasons for judgment found as follows:
“The Court believes that these two cars were following each other but is unable to accept Mrs. Porter’s version of the accident. There was no more than a six and a half foot rise from one end of this long bridge to the other, and if she had been paying attention, she could have *306 seen the Barron vehicle at all times and could and should have been him slowing his automobile while meeting oncoming traffic. Mrs. Porter would have the Court believe that Mr. Barron was stopped just over the crest of the bridge, and as she came over the crest there he was obstructing the highway, and that she could not avoid the accident. The Court believes that after you reach a point at least one-quarter of the way up on the bridge you can plainly see any and all traffic on the bridge, whether it be oncoming traffic or the traffic ahead of her moving in the same direction.
This accident was caused by Mrs. Porter’s failure to keep a proper look out. The law places a heavy duty on the following vehicle to keep a proper look out for the vehicular traffic in front of it, and the Court believes that if she had been more alert and attentive, she would have noticed Mr. Barron slowing or, for that matter, stopping for the tractor with the large trailer on it proceeding toward him. This is how simple this case is and it is difficult for the Court to understand how Mrs. Porter ever thought she could prevail in this suit.”
With this finding of fact by the Trial Judge we are in accord.
Plaintiff cites a good many cases where the Court found that the lead car did not give the proper signal or stopped too suddenly as a result of which the rear car ran into the lead car. In these cases the Courts have absolved the rear car from any negligence. We find no fault with these decisions but do not think that these cases fit the facts in the instant case.
We believe the law applicable to this case is fully set out by this Court in Foster v. Phoenix Insurance Company, 146 So.2d 647 as follows:
“(1) The driver of a preceding car on a highway owes no duty to the driver of the following vehicle except to use the road in the usual way in keeping with the laws of the road. Greer v. Ware, La.App., 187 So. 842; Fuld v. Maryland Casualty Company, La.App., 178 So. 201 ; Crow v. Alesi, La.App., 55 So.2d 16; Crochet v. A. & P. Truck Lines, La. App., 52 So.2d 265 and Emmco Insurance Co. v. St. Lawrence, La.App., 127 So.2d 202.
(2, 3) The duty is imposed upon the operator of the following vehicle to keep his car under control; to observe the forward vehicle; to follow same at a safe distance and if an accident occurs he is-generally presumed to be negligent where a rear end collision occurs. Loprestie v. Roy Motors, Inc., 191 La. 239, 185 So. 11. There is an exception to this rule under which Plaintiffs seek to come and that is when the lead vehicle negligently and without warning stops or suddenly slows creating a hazard for the following vehicle. In such circumstances, however, the burden is on the operator of the following vehicle or in this instance his guest passengers, Plaintiffs, to prove the stopping or slowing was sudden and without warning and in circumstances which created a hazard. Fuld v. Maryland Casualty Co., supra; Crow v. Alesi, supra.
(4) The trial Judge in his written reasons for judgment was of the opinion Mrs. Agnelly neither stopped her car suddenly nor did she create a traffic hazard by her actions, but the sole cause of the collision was Nichols’ inattention, lack of control and his driving at an unsafe speed and distance behind the Ag-nelly vehicle.”
See also Gandy v. Arrant, La.App., 2nd Cir (1951) 50 So.2d 676, and Cottone v. Jones, La.App., Orleans (1942) 7 So.2d 401.
LSA-R.S. 32:81 sets out the duties of the driver of the following vehicle as follows, to-wit:
“The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having *307 due regard for the speed of such vehicle and the traffic upon and the condition of the highway.”
For these reasons we believe that the judgment of the Lower Court is correct and it is hereby affirmed.
Affirmed.