BARNETTE, Judge.
This is a suit for damages arising out of .an automobile accident on January 27, 1964, in which the plaintiff Mrs. Alice Dennis Dominique sustained personal injuries. Her husband, Anthony C. Dominique, seeks recovery of special damages for automobile repair and expenses incident to his wife’s •injuries. From a judgment rejecting their •demands and dismissing their suit they have •appealed.
Mr. Dominique was driving his automobile, in which his wife was a passenger, on Franklin Avenue in the city of New Orleans, when it was struck from the rear "by an automobile driven by Lawrence E. Luzader. It is alleged that the Luzader •automobile was struck from the rear by a truck owned by S. K. Whitty and Company, Inc., and driven by George W. Davis, its employee, with such force as to cause it to collide with the one occupied by plaintiffs. The Insurance Company of North America, liability insurer of Whitty, was made defendant along with Whitty and Davis. Luzader was not named defendant by plaintiffs, but was made a third party defendant by Whitty, Davis, and their in-surer. Luzader did not file an answer and was not present for trial.
The evidence discloses that all three vehicles were traveling on Franklin Avenue in the direction of the lake at a point 35 to 50 feet on the lake side of the intersection of Franklin Avenue with Gentilly Boulevard. At that point Franklin Avenue is a divided street with two lanes for moving traffic and one parking lane on each side of the neutral zone.
Plaintiffs’ automobile was brought to a complete stop in the right traffic lane to await the discharge of a passenger from another car which had stopped ahead of them. There is no doubt that they remained in this position for several seconds before the impact. The truck driven by Davis was traveling in the left, or neutral ground, lane and would have passed plaintiffs’ stopped car without incident, except for the sudden approach of the Luzader vehicle in the right lane occupied by plaintiffs. Luzader apparently was overtaking Davis and, upon seeing his lane blocked, attempted to swerve out of his lane in front of Davis to pass plaintiffs on their left. In attempting this maneuver, Luzader’s car was struck on the left rear by the front of the Davis truck. The right front of the Luzader car struck plaintiffs’ automobile on its left rear.
Considerable testimony was taken in an attempt to establish which impact occurred first. Plaintiffs argue that the Luzader automobile was struck first and forced into plaintiffs’ automobile. They contend that Davis was at least contributorily negligent and that the points of impact on the automobiles and truck contradict Davis’ version of the accident.
Much stress is laid upon the testimony of Davis that when he first saw the Luzader automobile it was on his right with the left rear door approximately even with the front of his truck when Luzader hit the car in front. Counsel points to Davis’ statement that he applied his brakes and skidded about 15 feet, which, it is argued, would not be required if he were in fact parallel to Luzader and in a position to pass both automobiles safely. From these alleged inconsistencies, it is argued that Davis has not discharged the burden of exculpation imposed by the doctrine of res ipsa loquitur, which plaintiffs plead, citing Steadman v. American Fid. & Cas. Co., 113 So.2d 489 (La.App. 2d Cir.1959); and Crochet v. A. & P. Truck Lines, 52 So.2d 265 (La.App. 1st Cir.1951).
The application of the doctrine of res ipsa loquitur in rear-end automobile collisions has been approved by the Ap *314 pellate Courts of this State in many cases. Loprestie v. Roy Motors, Inc., 191 La. 239, 185 So. 11; Porter v. Barron, 185 So.2d 304 (La.App. 1st Cir.1966); Gulf States Util. Co. v. Guidry, 183 So.2d 122 (La.App. 1st Cir.1966); Steadman v. American Fid. & Cas. Co., supra.
It is argued by defendants that this is not a typical case of rear-end collision calling for the application of res ipsa loquitur since more than one vehicle was involved in the rear-end collision with the forward automobile. We fail to see the exception which this factual situation presents. Certainly, as far as plaintiffs in the forward car are concerned, they have no knowledge of the cause which resulted in their being struck by one or both following vehicles. In the absence of their negligence, there is a presumption of negligence on the part of one or both following drivers and casts upon them the burden of exculpation.
It is our opinion, however, that the defendant Davis has rebutted any presumption of negligence on his part, and that he, his employer and their insurer cannot be held liable for the plaintiffs’ damages.
Only a strained interpretation of the testimony of Davis can support the conclusion of inconsistency which plaintiffs argue. The physical facts and the testimony of the investigating officer together with the testimony of Davis can support no other conclusion except that the negligence of Luzader was the proximate cause of the accident and that Davis was free of negligence.
The preponderance of evidence establishes that Luzader attempted to pass Davis from the right lane. Davis saw Lu-zader and at once appreciated the danger at about the moment the two vehicles were abreast of each other. Davis did the only prudent thing he could do; he applied his brakes. He could not turn into the neutral zone. Luzader could not stop and attempted to turn out of his lane in front of Davis and was caught between the Davis truck and plaintiffs’ automobile. This obvious negligence on the part of Luzader was the sole proximate cause of the accident
The judgment rejecting plaintiffs’ demands is affirmed at their costs.
Affirmed.