238 So.2d 774 (1970)
Raymond D. STROTHER, Individually and as Administrator of and on Behalf of His Minor Children, et al.
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY et al.
No. 8009.
Court of Appeal of Louisiana, First Circuit.
May 25, 1970.
*775 William Carl Roberts, of Durrett, Hardin, Hunter, Dameron & Fritchie, Baton Rouge, for appellants.
Sheldon D. Beychok, of Franklin, Moore, Beychok & Cooper, Horace C. Lane, Baton Rouge, for appellees.
Before LANDRY, SARTAIN and ELLIS, JJ.
LANDRY, Justice.
The appeals by defendants John P. Riddell and his insurer, Hanover Insurance Company, in this and the consolidated case of State Farm Mutual Automobile Insurance Company v. Hanover Insurance Company, et al., 238 So.2d 779, Number 8010 on the docket of this Court, are from judgments holding Riddell and an uninsured motorist, Roland N. Williams, responsible as co-tort feasors for a rear end, chain reaction type of automobile accident. In this action plaintiffs, Mr. and Mrs. Strother, were awarded damages for personal injuries. Mr. Strother was also awarded damages for and on behalf of his injured minor children, Dane and Kristan, in addition to medical expense. In the companion case, State Farm was awarded judgment against Riddell and Hanover for the sum of $1,741.50 paid State Farm's insured, Strother, for the total loss of his Volkswagen automobile. In the Strother case, judgment was rendered against Riddell and Hanover only, with reservation of Strother's rights against State Farm under the uninsured motorist provision of his policy in the event Riddell and Hanover do not respond in damages. Despite the trial court finding Williams a joint tort feasor, *776 no judgment was rendered against him in either action as he was never properly served with process. No appeal has been taken by any party from the judgment dismissing all claims against defendant Williams.
Riddell and Hanover maintain the trial court erred in holding Riddell liable. Alternatively, they contend all the Strothers were awarded excessive damages for personal injuries. State Farm appeals alternatively contending the awards to the Strothers should be reduced in the event Williams, the uninsured motorist, be found solely at fault and State Farm therefore be primarily liable under the uninsured motorist clause of Strother's policy. We affirm the judgment rendered below.
The following pertinent facts are either stipulated or undisputed. State Farm's policy insures Strother's vehicle in limits of $5,000-$10,000 and contains an uninsured motorist clause. Hanover is Riddell's insurer with policy limits the same as those of State Farm. State Farm paid Strother $1,741.50 for the total loss of his vehicle. Total medical expense incurred by Strother on behalf of himself, Mrs. Strother and his children amounted to $47.00. The lawful speed limit in the vicinity of the accident was 45 miles per hour. The awards made the Strothers aggregate less than $5,000. In effect the trial court held that as Riddell's insurer, Hanover's liability was that of prime insurer and that State Farm's liability under its uninsured motorist clause was that of excess insurer.
The accident in question occurred during daylight but late in the afternoon of March 17, 1968, on the steep and relatively narrow Livonia Overpass on Louisiana Highway 190, Pointe Coupee Parish. Both the highway and overpass consist of four vehicular lanes, two each for eastbound and westbound vehicles. The east and westbound lanes are separated by a divider or abutment approximately two and one half feet high. The overpass is 833 feet long. Four vehicles, all traveling easterly in the inside eastbound lane, were involved in the accident. After negotiating the overpass, the lead vehicle, a Ford driven by Mary Scott Reaves, stopped on the flat surface of the highway in the inside eastbound lane approximately 20 feet east of the point where the incline of the overpass ends. Strother stopped behind the Reaves automobile. Riddell, following Strother, was either stopped or in the act of stopping when his vehicle was struck from behind by that of Williams. The impact drove Riddell's car into the Strother automobile which in turn hit the Reaves vehicle from behind.
Strother's testimony is essentially that he was proceeding easterly accompanied by his wife, who occupied the front seat with him, and his two children who were in the rear of the vehicle. When he reached the crest of the overpass, traveling in the inside eastbound lane, he observed an accident approximately 50 yards ahead in his lane of travel. He stopped his vehicle approximately three car lengths behind the Reaves car which had stopped ahead. He observed that the Reaves vehicle was not on the overpass but on level highway. After stopping, he looked through his rear view mirror and observed that there was not much distance between his car and the crest of the overpass. While thus observing to his rear, he saw the Riddell vehicle approaching from the rear and noted that it appeared to be reducing its speed. As he was watching the Riddell car approach, Mrs. Strother, who was looking behind through the rear window of the car, remarked that they were going to be struck. Strother responded by asserting that he thought the overtaking vehicle might stop and almost instantly thereafter the collision occurred. Strother was not certain whether the Riddell car stopped before striking his car. Neither was he certain that he struck the Reaves automobile. He was certain that he experienced a series of jolts and his vehicle was pushed down the highway, off the overpass and onto the shoulder of the highway. He stated his car was *777 pushed a total distance of approximately 40 yards and came to rest on a flat portion of the highway about 20 yards past the eastern end of the overpass.
The gist of Mrs. Strother's testimony confirms that of her husband concerning the events attending the accident. After remarking that it appeared they would be hit, she concerned herself with attempting to protect the children. It was her opinion that an automobile going fast could not stop in the distance between the crest of the overpass and their stopped Volkswagen. She also stated that when she last saw the Riddell car, it was about one car length away. In attempting to protect the children, she lost sight of the Riddell car and could not say whether it came to a stop before the collision.
In substance, Roland N. Williams testified he was proceeding easterly in heavy traffic which was moving intermittently in that the cars would proceed forward and then come to a complete stop. He was proceeding at a speed of 15-20 miles per hour approximately one-half a car length behind Riddell. He noted two accidents ahead, one in his own eastbound lane of travel and another in one of the westbound lanes. He noticed that Riddell was watching the accident in the westbound lane of travel. He stated that Riddell came to a complete stop following which his car struck Riddell lightly from the rear. After the impact, he observed the Riddell car "take off" as though the driver had mashed on the accelerator. After the initial impact, the Riddell car struck the Strother vehicle and then went off the roadway. Williams also stated that whereas title to the vehicle he was driving was in his mother's name, in reality the vehicle was his and was uninsured as to liability.
Mrs. Thelma Mitchell, mother of defendant Williams, confirmed that she and her husband were record owners of the vehicle her son was driving. She also acknowledged there was no liability insurance covering the automobile. Additionally, she testified the automobile sustained total damages of $540.00 in the collision.
John P. Riddell testified he topped the crest of the overpass at a speed of about 30 miles per hour, traveling easterly in the inside lane. He observed the Strother car stopped in his lane approximately a little further than half way down the eastern slope of the overpass. He denied looking to his left at an accident in the opposing lanes and denied seeing such an accident. He brought his own vehicle to a stop about one car length behind Strother and shortly thereafter his vehicle was struck from the rear. The force of the blow propelled his car into the highway divider and then into the Strother vehicle. He was uncertain whether his car struck the Strother automobile more than once. When his own car came to a rest, it was on level highway off the overpass. Riddell stated the collision caused considerable damage to the rear of his vehicle.
The accident was investigated by Trooper James W. Major of the State Police. Major testified he found the Strother car on the south shoulder of the highway facing southerly, the Riddell car headed easterly behind Strother's vehicle and the Williams automobile facing easterly behind Riddell's car. He estimated the Strother car came to rest less than 100 feet from the bottom of the overpass. Trooper Major could not identify any skid marks found at the scene. He affirmed that the maximum lawful speed in the area was 45 miles per hour. His investigation disclosed considerable damage to the front end of Riddell's car. Based on statements taken from the drivers of the vehicles involved, his report listed Williams' speed at 35 miles per hour and indicated that all parties were stopped except Williams whose failure to stop caused the chain reaction collisions. His actual measurement of the overpass disclosed the facility was 833 feet long and that at a point 333 feet from the bottom of the overpass one could see a car on the level highway ahead.
*778 The trial court's oral reasons for judgment cast Riddell and Williams for following too closely. In effect the lower court applied the rule that a motorist who runs into another vehicle from the rear is presumed negligent and bears the burden of exculpating himself from the inference of negligence. See Prudhomme v. Dore, La.App., 223 So.2d 474; Porter v. Barron, La.App., 185 So.2d 304, and Dominique v. Insurance Company of North America, La.App., 195 So.2d 312, and cases therein cited.
Appellants Riddell and Hanover maintain the trial court erred in holding Riddell liable because plaintiffs failed to prove any negligence whatsoever on Riddell's part. In this regard appellants argue that the Strothers' testimony does not establish whether Riddell stopped or not. On the contrary, appellants urge that both Riddell and Williams testified that Riddell was at a complete stop when struck from behind by the Williams' automobile. On this basis, it is argued that Riddell should be exonerated from liability pursuant to the line of jurisprudence established in Billiot v. Noble Drilling Corp., 236 La. 793, 109 So.2d 96; Pupillo v. Eakin, La.App., 147 So.2d 441, and Gandy v. Arrant, La.App., 50 So. 2d 676. We are in accord with the rule announced in the cited authorities and would not hesitate to apply same where the facts warranted.
In the case at hand, we find that Williams' testimony conflicts with that of Riddell as to the approximate place where the accident occurred. Williams' testimony is that the impact between his car and Riddell's vehicle took place about 25 to 30 feet from the crest of the overpass. Riddell's testimony is that he was stopped more than half way down the slope of the overpass when he was struck from behind. We find also that Riddell denied looking to his left at an accident in the opposing lanes of travel contrary to the testimony given by Williams. In addition, Williams' testimony that he barely bumped the rear of the Riddell car appears contradicted by the fact that extensive damage resulted to the front end of his car and the rear of Riddell's car from the impact. The trial court expressly discredited Riddell's testimony and with this conclusion we do not disagree. The trial court's observations also inter that Williams' credibility was questioned to some degree. We also share this opinion considering the record indicates Williams' testimony was given while he was incarcerated in jail in the State of Florida.
Under the circumstances, we find no error in the trial court imposing liability upon both defendant drivers in this instance because of their failure to exculpate themselves from the inference of negligence as required by Prudhomme, Porter and Dominique cases, above.
In holding Hanover's coverage on Riddell's vehicle to be primary insurance and State Farm's coverage under Strother's uninsured motorist clause to be secondary coverage, the trial court correctly applied the rule laid down by this court in Fouquier v. Travelers Insurance Company, La.App., 204 So.2d 400.
Appellate review of the amount of damages awarded for personal injuries must be made in the light of the rule that the trier of facts is possessed of much discretion in such matters and that initial assessment of each such award is based on the peculiar facts and circumstances of each case. Gaspard v. LeMaire, 245 La. 239, 158 So. 2d 149.
In view of the wide discretion vested in the trier of facts in the assessment of damages for personal injuries, an appellate court will not disturb such an award except where appears a gross abuse of such discretion by the making of an award that is patently excessive. Gaspard v. LeMaire, above.
Mr. and Mrs. Strother were first seen by Dr. Delmas G. Hutchinson on March 18, 1968, the day following the accident. Dr. Hutchinson found both patients *779 complaining of the same ailment, namely, neck pain and stiffness of the neck. Examination disclosed each patient suffered some tenderness of neck muscles, moderate muscle spasm and moderate limitation of neck motion. In each case the diagnosis was moderate acute cervical sprain. Muscle relaxants and analgesics were prescribed for both patients. On March 29, 1968, Mrs. Strother returned to Dr. Hutchinson complaining of pain when fatigued but otherwise Dr. Hutchinson found her condition improved. Dr. Hutchinson saw Mrs. Strother for the last time on April 18, 1968, at which time she was free of symptoms. Dr. Hutchinson found both patients were partially disabled for approximately two weeks.
Mr. and Mrs. Strother were confined to bed for one week following the accident. Mr. Strother lost 12 to 14 days time from his office, being unable to leave the house for that period following his injury. Mr. Strother also suffered stomach pains which caused him considerable discomfort for approximately one month. For their injuries, Mr. and Mrs. Strother were awarded $1,100.00 each.
Dane and Kristan Strother were first seen by Dr. James E. Williams, Jr. on March 17, 1968. Dr. Williams found Dane suffering from a contusion of the forehead involving an area approximately the size of a half dollar piece. No cuts, scratches or other bruises or contusions were noted and no treatment prescribed. For these injuries the trial court allotted $250.00.
Dr. Williams found Kristan Strother suffering from a contusion of the eye and immediately arranged for her to be seen by an opthalmalogist. No other injuries were noted.
Dr. Charles E. Afeman opthalmologist, examined Kristan Strother on March 17, 1968 and found her to be suffering from a small abrasion of the right cornea and a superficial laceration of the membranous covering of the eye. Dr. Afeman noted some swelling, slight bleeding, some discoloration and also observed that the eye fluid remained clear. He was of the opinion the swelling and discoloration would persist from 48 to 72 hours and that the affected eye should return to normal in about two weeks. On April 1, 1968, Dr. Afeman saw the child again and found the eye normal. Dr. Afeman explained that with children Kristan's age such an injury is more frightening than painful. An award of $500.00 was made in this instance.
We find that none of the foregoing awards amounts to abuse of the "much discretion" vested in triers of facts in instances of this nature. Granting that a lesser award may have reasonably been made by a trier of fact for similar injuries to other parties, we find no abuse by the trial court of the discretion which he possesses in this area. We therefore affirm the awards. Gaspard v. LeMaire, above.
Accordingly, the judgments of the trial court are affirmed, all costs of this proceeding to be paid by defendants John P. Riddell and Hanover Insurance Company.
Affirmed.