LANDRY, Judge.
This suspensive appeal was taken by defendants, Travelers Insurance Company (inadvertently impleaded as “Travelers Indemnity Company”, hereinafter referred to as “Travelers”), and its insureds, Charles and Doretha Mills, from judgments rendered against said appellants in favor of plaintiffs, Joe F. Roberts and Eva B. Roberts, for personal injuries and incidental expenses sustained and incurred in an automobile accident involving a pickup truck owned and being operated by plaintiff Joe F. Roberts and a Ford Falcon owned by defendant Charles Mills and being
The accident in question occurred February 25, 1966, at approximately 4:35 P.M., at which time the weather was clear and the highway dry. The site of the mishap was at a point just north of the intersection of U. S. Highway 61 and Louisiana Highway 965, south of St. Francisville, West Feliciana Parish. At the scene of the crash U. S. Highway 61 is a paved two lane roadway running in a northerly-southerly direction. Highway 965, a two lane thoroughfare, coursing in a northeasterly direction, intersects Highway 61 at an angle of approximately 45 degrees thus forming a junction similar to what is customarily referred to as a “Y” intersection. To facilitate left turns by southbound motorists on Highway 61 onto Highway 965, a short access or crossover lane, running perpendicular to Highway 61, connects the two highways just north of the intersection. It is readily conceded the accident occurred when the right front side of Roberts’ southbound pickup truck struck the left rear of the Mills vehicle which was .also southbound, the impact occurring in the southbound travel lane.
The circumstances attending the accident, however, as related by the contending parties, are in irreconcilable conflict. In essence Mr. and Mrs. Roberts maintain the accident resulted solely from the negligence of Mrs. Mills who allegedly was parked on the west shoulder of the highway and heedlessly, without signal or warning, pulled abruptly onto the roadway at a time when Roberts was so close collision could not be averted.
Defendants-appellants argue the accident happened when Mrs. Mills, stopped in the southbound lane to allow a preceding pickup truck to turn left into the access lane or road connecting the two highways, was suddenly struck from the rear by the Roberts truck.
Predicated on the foregoing positions, plaintiffs sought damages against defendants in solido. Alternatively, Mrs. Roberts prayed for damages against her husband and his insurer, Western Fire Insurance Company (Western) in the event her spouse be found solely at fault. In the further alternative, Mrs. Roberts asked damages against her husband, Western, and all defendants in solido should both her mate and Mrs. Mills be found at fault.
The Mills and Travelers answered denying any negligence on the part of defendant driver and specifically denying that she was parked on the shoulder of the highway and drove from such position into the path of plaintiff’s automobile. Alternatively, defendants plead contributory negligence on the part of both plaintiffs. In the further alternative, defendants reconvened asking contribution by plaintiff Joe F. Roberts and his insurer, Western, as regards any recovery awarded to Mrs. Roberts.
The trial court found the negligence of Mrs. Mills to be the sole proximate cause of the accident and on this ground awarded plaintiff Joe F. Roberts judgment in the sum of $2,500.00 for personal injuries, $130.00 for individual medical expense, $50.00 property damages and $353.40 incurred in treatment of injuries received by Mrs. Roberts. In addition, Mrs. Roberts was awarded damages in the sum of $4,646.60 for personal injuries. All re-conventional demands against Roberts and Western were rejected.
*305 Appellants maintain the trial court erred in (1) finding for plaintiffs inasmuch as plaintiffs did not establish their case by a preponderance of evidence; (2) rejecting appellants’ reconventional demands on the premise that plaintiff, Joe F. Roberts, was free of negligence; and (3) awarding both plaintiffs excessive damages for personal injuries and medical expense. Upon review of the record, we conclude the trial court properly resolved all questions of liability. We find, however, the court below improperly computed medical expenses due in the treatment of Mrs. Roberts’ injuries. We also find the award to Mr. Roberts excessive and reduce same for reasons hereinafter set forth.
In substance both Mr. and Mrs. Roberts’ testimony is essentially the same. As Mr. Roberts was proceeding southerly, at a rate of approximately 40-45 miles per hour, they observed a pickup truck stopped ahead in the southbound lane at the intersection indicating, by hand signal, an intention to turn left. According to Roberts, at this time he was approximately 300 feet from the stopped truck. Both plaintiffs stated that at this juncture they observed the Mills vehicle parked on the west shoulder of the highway beside the stopped pickup truck and the occupants of the two vehicles appeared to be conversing with each other. Mr. Roberts further testified that upon observing the pickup truck stopped for a left turn, he reduced the speed of his vehicle until the truck executed its turn, whereupon he resumed a speed of about 40 miles per hour. According to plaintiffs, at this point the Mills vehicle suddenly pulled from its position on the shoulder into the southbound lane directly in the path of plaintiffs’ car, without giving any signal of intent to so do. Both plaintiffs also stated that Roberts immediately applied his brakes full force and attempted to veer to the left but could not enter the northbound lane because of the presence of oncoming traffic. Plaintiffs further stated that when Roberts applied his brakes, defendant attempted to regain the shoulder but the impact occurred while all wheels of defendants’ automobile were on the traveled portion of the highway.
Defendant Doretha Mills and her guest passenger sister, Beatrice Gaines, deposed in effect that defendant was proceeding southerly along the highway and stopped behind a pickup truck which had stopped at the intersection awaiting the clearance of northbound traffic to make a left turn. While thus stationary, the Mills car was struck from behind by plaintiffs’ truck. Both said witnesses denied that defendant had stopped on the shoulder of the highway. While the testimony of Doretha Mills does not indicate the precise position of the stopped pickup truck at the time of impact, the evidence of Beatrice Gaines discloses said vehicle was approximately 20 to 30 feet ahead of defendant’s vehicle and had not yet made its turn when the accident occurred.
Jennette Emery, who resides in a home located at the southeast corner of the intersection of Highway 61 and the access road to intersecting Highway 965, testified on behalf of defendants. She stated that at the time of the collision, she was looking out the window of her home watching traffic upon the highway. She observed several vehicles stopped at the intersection awaiting an opportunity to turn left. Hearing the screeching of brakes, she walked out onto her front porch and saw the Roberts car strike the rear of the Mills vehicle. Because of the angle from which she viewed the scene, she was unable to state positively whether the Mills vehicle wa,s on the highway or the shoulder at the moment of impact. She further conceded that because of the presence of a large pecan tree in her front yard, she could get a much better view of the scene from her porch than from inside looking through the window.
Trooper James Howard, member of the State Police, investigated the accident within a few minutes of its occurrence. He stated the locus was in open farm country, *306 the road consisting of a blacktopped two lane highway. At the time of the accident the weather was clear and the roadway dry. According to Trooper Howard, the shoulder of the highway was a hardpacked mixture of sand, gravel and earth with grass growing in some areas. He further deposed that whereas Highway 61 is on a slight grade at the point of impact, visibility from the north extended approximately 500 feet. From physical evidence available, he determined the impact occurred in the southbound lane five feet west of the centerline of the highway. By measurement he determined that the Mills vehicle traveled 46 feet after impact and came to rest in the drainage ditch on the west side of the highway, facing in what amounted to a westerly direction. He also found that the impact took place 122 feet north of the intersection and that plaintiff’s truck skidded 77 feet prior to contact with the Mills car. According to Howard, the skid marks left by plaintiff’s truck indicated the driver was attempting to go around defendant’s car. Howard could not recall either driver giving his or her version of the accident. He did not remember plaintiff relating that defendant’s vehicle pulled suddenly into the highway from the shoulder and made no investigation as to the possibility of the accident arising from such an incident.
In summary counsel for appellants contend the evidence does not support plaintiff’s claim but rather preponderates in favor of the version of the accident related by defendants’ witnesses. Counsel further argues that the physical facts corroborate defendants’ account of the incident and the trial court erred in holding to the contrary.
In oral reasons appearing of record the trial court clearly indicated he felt the narration of events given by plaintiffs appeared more logical and more in accord with the physical evidence. He was likewise impressed with the apparent credibility of plaintiffs and with this conclusion, we are not in a position to disagree. Moreover, the trial court rejected almost in toto the evidence given by the witness Jennette Emery on the ground that her vision of the scene was at least partially obstructed and also because she was uncertain as to the position of the Mills vehicle when it was struck. In addition the trial court placed little credence in the testimony of Beatrice Gaines because he found her statements vague as to just what occurred.
It is obvious plaintiff, faced with some sort of emergency, applied his brakes and left skid marks of 77 feet preceding the impact. According to Trooper Howard, the point of impact occurred 122 feet north of the intersection. It likewise appears the Mills car was not propelled straight ahead which would have been its most likely course if struck from behind while stationary as contended by appellants. On the contrary, it is shown defendants’ car upon being struck proceeded to its right or in a westerly direction into the ditch on the west side of the highway — the most probable course if said vehicle were struck while attempting to regain the shoulder as testified by plaintiffs. We conclude, therefore, the lower court properly held plaintiffs have proven their case by that preponderance of evidence required by law.
Considerable significance is placed by counsel for appellants on the fact that Trooper Howard could not recall plaintiffs relating to him that defendant pulled onto the highway from the shoulder of the road. On this premise it is argued that so important a factor was hardly likely to be overlooked by plaintiffs. The answer to this contention lies in the fact that the officer’s testimony does not indicate that either plaintiffs or defendants related their respective versions of the incident to him during the course of his investigation. The gist of his evidence is that his inquiry at the scene was limited primarily to noting the physical facts to which he testified. In this regard his testimony discloses little, if any, interrogation of the drivers and *307 witnesses at the scene of the accident because of injuries to the parties. It further appears his questioning of the respective drivers was accomplished later after the parties had been admitted to a hospital for treatment of injuries sustained in the accident.
On authority of Foster v. Phoenix Insurance Co., La.App., 146 So.2d 647, counsel for appellants makes the argument that plaintiff driver is presumed negligent because of his running into the rear of a preceding vehicle. Counsel also maintains the trial court erred in holding in effect plaintiffs have rebutted the inference of fault arising from such circumstance.
In view of the facts herein found, we believe, as did the trial court, that the instant case is not one in which the aforesaid rule of law is applicable. In view of the evidence, we conclude that this is not an instance in which a motorist ran into the rear of a stopped vehicle awaiting an opportunity to make a left turn. On the contrary, we conclude the accident occurred substantially in the manner testified to by plaintiffs and that plaintiff Joe F. Roberts was free of fault.
We now consider appellants’ contention the awards to plaintiffs were excessive and should be reduced. Plaintiff Joe F. Roberts sustained what are described as minor bruises and contusions and which produced no serious or lasting effects. His total bill for hospital services rendered amounted to $130.00. While the statement of hospital expense indicates hospitalization from February 25 until March 5, 1966, a period of 8 days, the last entry on his medical report is dated February 27, 1966, and indicates the patient was doing well. An undated discharge summary also appearing on the report states that observation in the hospital revealed no evidence of serious injury and further relates radio-graphic studies were negative and the patient much improved. In addition to numerous bruises and contusions, it appears Mr. Roberts suffered a mild shoulder sprain or strain which caused some degree of pain for a time. In view of the nature and extent of his injuries, we believe an award of $1000.00 will amply compensate him for the pain and suffering endured.
The trial court allowed recovery of $353.40 in medical expense incurred in the treatment of Mrs. Roberts’ injuries. The total of the bills and statements adduced by plaintiffs in this regard aggregates only the sum of $292.40. There being no proof in the record of a greater amount having been expended in this regard, the award must be reduced to the sum of $292.40 actually proved.
We do not agree, however, that the sum of $4,646.60 awarded Mrs. Roberts for personal injuries was excessive. Mrs. Roberts sustained a laceration of the scalp, numerous bruises and contusions of the body and a reverse Colie’s fracture of the right wrist resulting in a 34% permanent disability of the right upper extremity. Dr. Alfred Gould, General Practitioner, equated her infirmity to a 20% disability of her entire person. As a result of her aforesaid incapacitation, Mrs. Roberts, who is right handed, is constantly troubled with her wrist. It further appears she is hampered in the performance of her daily household chores such as cooking and housecleaning. In addition she experiences difficulty in dressing herself and in the performance of routine and necessary acts such as eating and writing. Her injuries initially produced considerable pain and continue to be the occasion of some discomfort. As previously mentioned, the disability to her wrist is permanent. Considering the nature of her various injuries and the permanent disability resulting from the fracture to her wrist, we do not consider the award in her behalf excessive.
Accordingly, it is hereby ordered, adjudged and decreed that the award in favor of plaintiff Joe F. Roberts in the sum of $2,-500.00 for personal injuries be and the same *308 is hereby reduced to the sum of $1,000.00 and judgment in his favor awarded against defendants in said amount.
It is further ordered, adjudged and decreed that judgment in favor of plaintiff Joe F. Roberts in the sum of $353.40, representing medical expense incurred in treatment of injuries sustained by Mrs. Eva Roberts, be and the same is reduced to the sum of $292.40, and judgment rendered in said amount in favor of plaintiff Joe F. Roberts against defendants.
It is further ordered, adjudged and decreed that except insofar as herein specifically amended, the judgment of the trial court is affirmed at appellants’ costs.
Amended and affirmed.